IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FIRST GUARANTY MORTGAGE CORP. | : |
| | : |
| v. | : Civil Action No. WMN-02-326 |
| | : |
| RONALD PROCOPIO, et al. | : |

**MEMORANDUM**

Before the court are motions to dismiss filed by Defendants Rock Creek Associates, Inc. and Nancy L. Gusman (Paper No. 9) and Ronald and Margaret Procopio (Paper No. 13). The motions have been fully briefed and are ripe for decision. Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that both motions will be denied.

**I. BACKGROUND**

This action arises out of a loan issued by Plaintiff, a Virginia residential mortgage company, to Mr. and Mrs. Robert L. Peterbark, in the amount of $330,000, for the purchase of a home in Fort Washington, Maryland. Plaintiff has brought this diversity action against multiple Defendants, alleging, inter alia, that they conspired to falsify various documents in support of the Peterbarks' loan application, in order to mislead Plaintiff into granting a loan which exceeds "normal and customary lending practices," thereby resulting in damage to

Plaintiff. Complaint at ¶ 71.

In August of 2000, Plaintiff entered into a Nonexclusive Loan Brokerage Purchase and Sale Agreement (the Agreement) with Defendant Area Mortgage, a Maryland mortgage broker. Under the Agreement, Area Mortgage was to obtain loan applications from prospective home purchasers and submit them to Plaintiff for underwriting approval and closing of the loans. Complaint at ¶ 16. Soon thereafter, the Peterbarks engaged Area Mortgage to secure financing for the purchase of residential property from Defendants Robert and Margaret Procopio. Area Mortgage then submitted to Plaintiff a sales contract that listed the purchase price for the property as $440,000, see id. at ¶ 22, as well as numerous other documents purporting to represent information about the Peterbarks' finances and credit-worthiness.

Plaintiff alleges that it later learned that many of the documents submitted to it by Area Mortgage, its officers and employees, and other Defendants, contained false statements and misrepresentations about the purchase price of the property and the amount of the Peterbarks' assets, earnings, and deposits toward the purchase price. Id. at ¶¶ 25 - 33.

On August 30, 2000, Defendant Gusman, as principal of Rock Creek Associates, Inc., acted as settlement agent for the loan to the Peterbarks. Defendant Gusman certified that the Deed of

Trust and the deed in connection with the loan were prepared under her supervision, and, according to Plaintiff, certified a settlement statement containing several false statements about the transaction. Id. at ¶ 48.

After Plaintiff granted the loan to the Peterbarks, no payments were made and the loan went into default. Plaintiff demanded that Area Mortgage, pursuant to the terms of the Agreement, repurchase the loan. Area Mortgage refused to do so. Id. at ¶ 52. At some unspecified point in time, Plaintiff sold the loan to a New York financial entity for resale into a mortgage-backed security. Id. at ¶ 73.

Defendants Gusman, Rock Creek Associates, and the Procopios, along with several other Defendants, are named in four counts of the Complaint, specifically: civil conspiracy (Count II), fraud (Count III), and violations of the Racketeering Influenced Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and (d) (Counts IV and V).[1] In the instant motions, Defendants have moved to dismiss all counts against them on the grounds that (1) each count fails to state a claim upon which relief can be granted; (2) Plaintiff has failed to meet the pleading requirements of Fed. R. Civ. P. 9(b); and (3) Plaintiff's failure

---

[1] A fifth count, for breach of contract, is asserted only against Defendant Area Mortgage and its owners, Defendants Lovejoy, Bell, and Laversen.

to join the Peterbarks as defendants warrants dismissal pursuant to Fed. R. Civ. P. 19.[2]

## II. LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering such a motion, the court is required to accept as true all well-pled allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff. See, Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997). "To survive a motion to dismiss, Plaintiff[s] must have alleged facts that show that they are entitled to relief on their substantive causes of action." In re Criimi Mae, Inc. Securities Litigation, 94 F.Supp.2d 652, 656 (D. Md. 2000).

## III. DISCUSSION

Defendants first contend that Plaintiff may not maintain its fraud and civil conspiracy claims because the Complaint fails to

---

[2] Defendants' motions assert similar grounds for dismissal, and each Defendant has incorporated the other's arguments by reference. Therefore, the Court will not address the motions separately.

show an essential element of those causes of action: actual damages. Defendants point out that Plaintiff has not foreclosed on the Peterbark loan, but has sold it to another entity. While this means that Plaintiff may not be entitled to recover the amount of the loan, the Complaint sufficiently alleges that Plaintiff was damaged, in its property and business, by the actions of Defendants. Damages may include, for example, reputational or other losses incurred by the Plaintiff from its sale of a bad loan on the market. Although the Complaint lacks a detailed description of such damages, dismissal at this time is not warranted.[3]

Second, Defendants argue that Plaintiff has failed to state a claim under RICO, which requires allegations of at least two acts of racketeering that form a pattern of racketeering activity. 18 U.S.C. § 1961(5). More specifically, a plaintiff must "allege a continuing pattern and a relationship among the defendant's activities showing they had the same or similar purposes." <u>Anderson v. Foundation for Advancement, Education,</u>

---

[3] Defendants also argue that Plaintiff's civil conspiracy claim fails to allege a confederation or tortious acts committed in furtherance of the conspiracy. The Complaint clearly states such allegations, however, and Defendants' argument is meritless. Furthermore, Defendant Gusman's position that the loan closed prior to her involvement in the settlement agreement, thereby relieving her of liability, is one better suited to summary judgment.

5

and Employment of American Indians, 155 F.3d 500, 505 (4th Cir. 1998) (citing H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989)). Continuity may be established by showing that "predicate acts or offenses are part of an ongoing entity's regular way of doing business." H.J. Inc., 492 U.S. at 242.

Defendants argue that Plaintiff has failed to meet these threshold requirements, and has instead alleged a single fraudulent scheme. In the Complaint, however, Plaintiff describes the precise role and function of each Defendant in the alleged enterprise, and describes the enterprise as ongoing with a "continuity of structure." See, Complaint at ¶¶ 72-73; cf. H.J. Inc., 492 U.S. at 238 ("external organizing principle" renders predicate acts "ordered" or "arranged" for RICO purposes). Although the only loan described in detail is the Peterbark loan, Plaintiff accuses the alleged enterprise of engaging in similarly-constructed fraudulent activities in connection with other loans and lenders. Given that there is no mechanical test for determining the existence of a RICO pattern, see International Data Bank, Ltd. v. Zepkin, 812 F.2d 149, 155 (4th Cir. 1987), it appears that the Complaint sufficiently describes a pattern of activity that "pose[s] a threat of continued criminal activity." H.J. Inc., 492 U.S. at 239.

Next, Defendants contend that the Complaint fails to meet

6

the requirement of Fed. R. Civ. P. 9(b), that allegations of fraud or misrepresentation must be pleaded "with particularity." Under this rule, plaintiffs "must make particular allegations of the time, place, speaker, and contents of the allegedly false acts or statements." Adams v. NVR Homes, Inc., 193 F.R.D. 243, 250 (D. Md. 2000). A complaint that fails to include these specific allegations is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). See, Lasercomb America, Inc. v. Reynolds, 911 F.2d 970, 980 (4th Cir. 1990).

Contrary to Defendants' assertions, the Complaint specifically alleges fraudulent acts by each Defendant at particular places and times. Plaintiff names each document, and the specific information contained within each document, that it contends was knowingly created by Defendants with the intent to defraud Plaintiff. In fact, it is unclear how Plaintiff, prior to conducting discovery, could plead its allegations with any more particularity.

Defendants also fail in their final attempt to persuade this Court to dismiss the instant action. Arguing that the Peterbarks, who are not named as defendants, are necessary and indispensable parties under Fed. R. Civ. P. 19, Defendants boldly assert that their absence from this case requires its dismissal. Defendants err in both fact and law. Under the factors listed in

Rules 19(a) and 19(b), the Peterbarks are neither necessary nor indispensable to this action. Their absence will not prevent complete relief among the parties, and they apparently have no interest in the subject of the action. If, however, any Defendant believes that the Peterbarks may be liable to them for part or all of any claim in this action, such Defendant may bring in the Peterbarks as third-party defendants pursuant to Fed. R. Civ. P. 14(a).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions will be denied. A separate order will issue.

/s/ William M. Nickerson
William M. Nickerson
United States District Judge

Dated:   June 20, 2002