```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

FIRST GUARANTY MORTGAGE CORP.     *

      Plaintiff                  *

      vs.                        *   CIVIL ACTION NO. MJG-02-326
                                                (Consolidated with MJG-01-1430)

RONALD PROCOPIO, et al.           *

      Defendants                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it the Motion to Dismiss by Lester H. Lovejoy [Paper 33], the Motion to Dismiss filed by Defendant Chasteen [Paper 37] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

    A.    <u>Defendant Lovejoy's Motion</u>

Defendant Lovejoy[1] seeks dismissal on the ground that Plaintiff has failed to join Robert Peterbark and Demita Peterbark as defendants. This issue has been addressed, and resolved, by Judge Nickerson in the Memorandum issued herein on June 20, 2002. Judge Nickerson stated:

> Arguing that the Peterbarks, who are not named as defendants, are necessary and

---

[1] Defendant Lovejoy may have intended to include Defendant Area Mortgage as a movant on the motion.



>indispensable parties under Fed. R. Civ. P.
>19, Defendants Rock Creek Associates, Inc.
>[Nancy L. Gusman and Ronald and Margaret
>Procopio] boldly assert that their absence
>from this case requires its dismissal.
>Defendants err in both fact and law. Under
>the factors listed in Rules 19(a) and 19(b),
>the Peterbarks are neither necessary nor
>indispensable to this action. Their absence
>will not prevent complete relief among the
>parties, and they apparently have no interest
>in the subject of the action. If, however,
>any Defendant believes that the Peterbarks
>may be liable to them for part or all of any
>claim in this action, such Defendant may
>bring in the Peterbarks as third-party
>defendants pursuant to Fed. R. Civ. P. 14(a).

Id. at 7-8.

For the same reasons, Defendant Lovejoy's motion shall be denied.

B.   Defendant Chasteen's Motion

Defendant Chasteen seeks dismissal on the ground that the Court lacks jurisdiction because there is a lack of complete diversity. It is true that Plaintiff specifically stated in the Complaint that it was invoking diversity jurisdiction under 29 U.S.C. § 1332. However, it is also true that the Plaintiff expressly pleaded causes of action under the RICO statute, 18 U.S.C. § 1961 et seq. Accordingly, it is obvious that Plaintiff was proceeding under 18 U.S.C. § 1964(c) which, by virtue of 28 U.S.C. § 1331, provides federal jurisdiction for such claims.

C.  Conclusion

For the foregoing reasons:

1. The Motion to Dismiss by Lester H. Lovejoy [Paper 33] is DENIED.

2. The Motion to Dismiss filed by Defendant Chasteen [Paper 37] is DENIED.

3. Plaintiff shall, by November 15, 2002, file an Amendment to Complaint in which it clarifies that it seeks to invoke the jurisdiction of this Court by virtue of 28 U.S.C. § 1331. Defendants need not respond to the Amendment to Complaint.

SO ORDERED this 4th day of November, 2002.

_____
Marvin J. Garbis
United States District Judge