IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT

BY _____ DEPUTY

| | |
|---|---|
| FIRST GUARANTY MORTGAGE CORP. | * |
| PLAINTIFF | * |
| v. | * CIVIL ACTION NO. MJG 02-326 (consolidated with MJG-01-1430) |
| RONALD PROCOPIO, et al. | * |
| DEFENDANTS | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT ROBERT CHASTEEN
### ANSWERS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Robert Chasteen, through his undersigned attorney, answers to the Plaintiff's First Amended Complaint and says as to each:

1. Admitted
2. Admitted
3. Admitted
4. Admitted
5. Admitted in part and denied in part as to address of the business.
6. Defendant has insufficient information to admit or deny after a reasonable investigation.
7. Defendant has insufficient information to admit or deny after a reasonable investigation.
8. Defendant has insufficient information to admit or deny after a reasonable investigation.
9. Defendant has insufficient information to admit or deny after a reasonable investigation.
10. Admitted
11. Admitted

12. Admitted
13. Admitted
14. Admitted
15. Admitted
16. Admitted
17. Admitted
18. Admitted
19. Defendant has insufficient information to admit or deny after a reasonable investigation.
20. Admitted in part. Defendant Robert Chasteen denies that he solicited the Plaintiff for financing for the Peterbarks.
21. Admitted
22. Admitted
23. Defendant has insufficient information to admit or deny after a reasonable investigation.
24. Admitted in part. Defendant has insufficient information to admit or deny that the deposit verification is a fake and the deposits with Green Investment.
25. Admitted in part. Defendant has insufficient information to admit or deny the fact that the rent verification is a fake and the amount the Peterbarks were paying as rent.
26. Admitted
27. Admitted
28. Defendant has insufficient information to admit or deny after a reasonable investigation.
29. Defendant has insufficient information to admit or deny after a reasonable investigation.
30. Defendant has insufficient information to admit or deny after a reasonable investigation.

31. Defendant has insufficient information to admit or deny after a reasonable investigation.
32. Defendant has insufficient information to admit or deny after a reasonable investigation.
33. Defendant has insufficient information to admit or deny after a reasonable investigation.
34. Defendant has insufficient information to admit or deny after a reasonable investigation.
35. Defendant has insufficient information to admit or deny after a reasonable investigation.
36. Defendant has insufficient information to admit or deny after a reasonable investigation.
37. Defendant has insufficient information to admit or deny after a reasonable investigation.
38. Defendant has insufficient information to admit or deny after a reasonable investigation.
39. Defendant has insufficient information to admit or deny after a reasonable investigation.
40. Denied
41. Defendant has insufficient information to admit or deny after a reasonable investigation.
42. Defendant has insufficient information to admit or deny after a reasonable investigation.
43. Defendant has insufficient information to admit or deny after a reasonable investigation.
44. Defendant has insufficient information to admit or deny after a reasonable investigation.
45. Defendant has insufficient information to admit or deny after a reasonable investigation.

46. Defendant has insufficient information to admit or deny after a reasonable investigation.
47. Admitted
48. Defendant has insufficient information to admit or deny after a reasonable investigation.
49. Defendant has insufficient information to admit or deny after a reasonable investigation.
50. Defendant has insufficient information to admit or deny after a reasonable investigation.
51. Defendant restates its answers for paragraphs 1 through 50.
52. Defendant need not answer an assertion of law.
53. Defendant has insufficient information to admit or deny after a reasonable investigation.
54. Defendant has insufficient information to admit or deny after a reasonable investigation.
55. Defendant need not answer an assertion of law.
56. Defendant restates its answers for paragraphs 1 through 55.
57. Denied
58. Denied
59. Denied
60. Denied.
61. Denied
62. Defendant restates its answers from paragraphs 1 through 61
63. Denied
64. Denied
65. Denied
66. Denied
67. Defendant restates its answers from paragraphs 1 through 66.
68. Denied

69. Denied

70. Denied

71. Denied

72. Denied

73. Denied

74. Denied

75. Denied

76. Defendant restates its answers from paragraphs 1 through 75.

77. Denied

78. Denied

79. Denied

80. Denied

81. Denied

82. Denied

83. Denied

## AFFIRMATIVE DEFENSES

1   The Plaintiff's Claims are barred by the applicable statute of limitations.

2.  The Plaintiff's Claims are barred by the doctrines of Accord and Satisfaction, Release, and Waiver.

3.  That the Plaintiff has failed to mitigate its damages.

4.  The defendant did not conspire with any co defendant or any other person.

Respectfully submitted,

*(signature)*

Terrence C. McAndrews
10632 Little Patuxent Pkwy., Ste.420
Columbia, MD  21044
410-772-9696
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2003, a true and correct copy of the above and foregoing was sent by first class mail, postage pre-paid to:

Ian A. Williams, Esquire
717 D Street, N.W., Suite 400
Washington, DC  20004

Mr. Lester H. Lovejoy
Area Mortgage of Maryland
4305 29th Street
Mt. Rainer, MD  20712

Andre Barber, Esquire
1825 I Street, NW
Suite 400
Washington, DC  20006

Robert H. Hillman, Esquire
416 Hungerford Drive
#435
Rockville, MD  20850

Mr. Andre Green
701 Carnoustie Lane
Fort Washington, MD  20744

Gerald F. Chapman, Esquire
6917 Arlington Road
Suite 350
Bethesda, MD  20814

_____
Terrence C. McAndrews