IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

FIRST GUARANTY MORTGAGE CORPORATION:

    Plaintiff               :

    vs.                     :  CASE No. MJG-02-326

RONALD PROCOPIO, et al    : (Consolidated. MJG 01-1430)

    Defendants         :

## DEFENDANT ROCK CREEK ASSOCIATES ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Rock Creek Associates, though its undersigned attorney Answers the Plaintiff's First Amended Complaint and says as follows:

1.   The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

2.   The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

3.   The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

4.   The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

5.   The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

6.   The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

7.   The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

8.   The Defendant admits that Rock Creek Associates, Inc. did exist at one time but its principal office was not at 1705 Cody Drive, Silver Spring, MD 20901.  Rock Creek Associates is now a defunct corporation no longer in existence.

9.   The Defendant admits Nancy Gusman is an adult resident of the State of Maryland but denies that she is residing or carrying on business at 1705 Cody Drive, Silver Spring, MD 20901.  The Defendant further answers that Nancy Gusman filed for protection from creditors in the United States Bankruptcy Court for the District of Maryland in November, 2002, and is no longer a Defendant in this matter.

10. The Defendant admits the allegations contained in paragraph 10.

11. The Defendant admits the allegations contained in paragraph 11.

12. The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

13. The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

14. The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

15. The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

16. The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

17. The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

18.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

19.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

20.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

21.  The Defendant admits the allegations contained in paragraph 21.

22.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

23.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

24.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

25.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

26.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

27.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

28.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

29.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

30.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

31.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

32.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

33.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

34.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

35.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

36.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

37.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

38.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

39.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

40. The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

41. The Defendant admits the allegations contained in paragraph 41.

42. The Defendant admits the allegations contained in paragraph 42.

43. The Defendant denies the allegations contained in paragraph 43.

44. The Defendant admits the allegations contained in paragraph 44.

45. The Defendant admits the allegations contained in paragraph 45.

46. The Defendant denies the allegations contained in paragraph 46.

47. The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

48. The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

49.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

50.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

51.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

52.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

53.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

54.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

55.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

56.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

57.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

58.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

59.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

60.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

61.  The Defendant denies the allegations contained in paragraph
     61.

62.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

63.  The Defendant is without sufficient information to neither
     admit nor deny, the legal effect which is to deny and
     demand strict proof thereof.

64.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

65.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

66.  The Defendant denies the allegations contained in the Amended Complaint and demands strict proof thereof.

67.  The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

68.  The Defendant denies the allegations contained in paragraph 68.

69.  The Defendant denies the allegations contained in paragraph 69.

70.  The Defendant denies the allegations contained in paragraph 70.

71.  The Defendant denies the allegations contained in paragraph 71.

72.  The Defendant denies the allegations contained in paragraph 72.

73.  The Defendant denies the allegations contained in paragraph 73.

74.   The Defendant denies the allegations contained in paragraph 74.

75.   The Defendant denies the allegations contained in paragraph 75.

76.   The Defendant is without sufficient information to neither admit nor deny, the legal effect which is to deny and demand strict proof thereof.

77.   Th Defendant denies the allegations contained in paragraph 77 and demands strict proof thereof.

78.   The Defendant denies the allegations contained in paragraph 78.

79.   The Defendant denies the allegations contained in paragraph 79.

80.   The Defendant denies the allegations contained in paragraph 80.

81.   The Defendant denies the allegations contained in paragraph 81.

82.   The Defendant denies the allegations contained in paragraph 82.

83.   The Defendant denies the allegations contained in paragraph 83.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Plaintiff's claims are barred under the appropriate Statute of Limitations and/or Statute of Frauds.

## THIRD DEFENSE

The Plaintiff's claims are barred by contributory negligence and/or assumption of the risks.

## FOURTH DEFENSE

The Plaintiff lack the capacity or authority to sue this Defendant

## FIFTH DEFENSE

The Plaintiff's claims are barred by laches, estoppel, collateral estoppel, and waiver.

## SIXTH DEFENSE

That no such contract exists between the Plaintiff and Defendant.

## SEVENTH DEFENSE

That the Plaintiff has failed to mitigate its damages.

## EIGHTH DEFENSE

Further, the Defendant reserves the right to amend this answer to include additional defenses should the need to do so arise.

Wherefore, the Defendant prays:

a.  That the Plaintiff's Complaint be dismissed and costs be assessed against the Plaintiff.

b.  And for such other and further relief as the nature of this cause may require.

```
                         Respectfully Submitted:
                         MAGAZINE & HILLMAN, PC


                         _____/s/_____
                         Robert H. Hillman, Fed. Bar 06910
                         416 Hungerford Drive, #435
                         Rockville, MD 20850
                         Attorney for Defendant, Rock Creek
                         Associates, Inc, and Nancy L.
                         Gusman
                              301-340-8300
                              Fax 301-251-9632
```

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____ Sept. 18 ___, 2003, I mailed by first class mail, postage prepaid, a copy of the foregoing to:

Gerald R. Chapman, Esquire
6917 Arlington Road, Suite 350
Bethesda, MD 20814
Attorney for Plaintiff,

Lester A. Lovejoy
Area Mortgage of Maryland
4305 29th Street
Mt. Ranier, MD 20712
Defendant

Terrence    C.    McAndrews,
Esquire
2000 Century Plaza
10632 Patuxent Pkway. Ste 446
Columbia, MD 21044
Attorney for Robert Chasteen

Ian A. Williams, Esquire
717 D Street, NW
Suite 400
Washington, DC 20004
Attorney for Procopio

Andre Green
701 Carnoustie Lane
Landover, MD 20744
Defendant

_____/s/_____
Robert H. Hillman, Fed. Bar 06910