IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FIRST GUARANTY MORTGAGE CORP.   *

    PLAINTIFF   *

v.   *   CIVIL ACTION NO. MJG 02-326

RONALD PROCOPIO, et al.   *

    DEFENDANTS   *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT ROBERT CHASTEEN
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Robert Chasteen, through his undersigned attorney, responds to and opposes the Plaintiff's Motion for Summary Judgment and in support thereof says:

1. That the Plaintiff is not entitled to judgment as a matter of law as to Robert Chasteen.

2. That the Plaintiff has not identified Robert Peterbark or Demeta Peterbark as persons with personal knowledge of facts, material to the cause or circumstances concerning the happening of the occurrence as requested in Defendant Chasteen's interrogatory no. 2.  (**See Defendant's Exhibit 1 Plaintiff's Response to Defendant Chasteen's First Set of Interrogatories and Defendant's Exhibit 2 Plaintiff's First Amended Response to Defendant Chasteen's First Set of Interrogatories**)[1]

3. That the Plaintiffs did not identify any admission against interest made to the Peterbarks as requested Defendant Chasteen's interrogatory no. 7. (**See Defendant's Exhibit 1 and 2**)

4. That the Plaintiffs have not produced or identified a written, signed or recorded statement pertaining to the incident from Demeta and Robert Peterbark as requested in Defendant Chasteen's interrogatory no. 3.  (**See Defendant's Exhibit 1**)

5. That the Plaintiffs have not identified any experts in their response to Defendant Chasteen's interrogatory no. 4. (**See Defendant's Exhibit 1**)

6. That the Plaintiffs denied that any persons investigated the cause and circumstances of the occurrence on behalf of the Plaintiff in response to Defendant Chasteen's interrogatory no. 5. (**See Defendant's Exhibit 1**)

7. That the Defendant Chasteen has responded to the Plaintiff's request for admission and denied all allegations of wrong doing, fraud, conspiracy, and knowledge of false or misleading information. **(See Defendant's Exhibit 3, Plaintiff's Request for Admissions and Exhibit 4 Defendant Chasteen's Response to Plaintiff's Request for Admissions)**

8. That the Plaintiff has filed a Motion for Summary Judgment pursuant to Federal Rule Civil Procedure 56, not a Motion for Judgment on the pleadings pursuant to Federal Civil Procedure 12(c). Therefore, the Plaintiff's Motion for Summary Judgment encompasses not only the pleadings, but also depositions, answers to interrogatories and admissions together with affidavits. **Fed R. Civ. Pro 56**

9. That the undisputed facts fail to prove civil conspiracy or fraud on behalf of Defendant Robert Chasteen.

10. That the undisputed facts fail to prove conspiracy to violate and violations of RICO.

11. That Robert Chasteen is not a Defendant in MJG01-1430 (the Norwood case).

12. That the Plaintiff has failed to prove that its damages are causally connected to Defendant Robert Chasteen.

13. That the affidavits of the Peterbarks do not state that Robert Chasteen provided false information, knew of false information, or created false information.

14. That the affidavits of the Peterbarks and Neal do not state that Robert Chasteen engaged in a conspiracy, a fraud, or a violation of the RICO statute.

15. That the Settlement documents for the Gleneagle property include Exhibit 58 created by Aaron Bacus, an employee of First Guaranty. **(See Defendant's Exhibit 5, Neal deposition pages 82, 83, and 84 and Defendant's Exhibit 6 Gleneagle Settlement Documents)**

16. That Robert Chasteen's signature on Exhibit 56 signifies that he obtained the information on the handwritten application by mail.

17. That in neither instance of Plaintiff's Exhibit 57 or Exhibit 56 did Robert Chasteen transmit or cause to be transmitted any false or fraudulent information.

18. That Robert Chasteen did not send Plaintiff's Exhibit 48 by facsimile to the Plaintiff.

19. That Robert Chasteen did not send the request for verification, Plaintiff's Exhibit 52, by facsimile.

20. That the loan for 751 Glen Eagles Drive, Fort Washington, Maryland was sold by First Guaranty in August of 2000. **(See Defendant's Exhibit 5, Neal deposition, page 17, 18, & 19)**

WHEREFORE, for the reasons stated above and as more fully set forth in the attached Memorandum of Law, Defendant Robert Chasteen, respectfully requests that the Plaintiff's Motion for Summary Judgment be denied.

                                                   Respectfully submitted,

                                                   _____
                                                   Terrence C. McAndrews
                                                   2000 Century Plaza
                                                   10632 Little Patuxent Parkway
                                                   Suite 420
                                                   Columbia, MD  21044
                                                   410-772-9696
                                                   Attorney for Defendant

**(Footnotes)**
[1] As a result of the Plaintiff's failure to identify the Peterbarks in discovery , to provide any statements against interest made by the Defendant and written statements made  the Peterbarks, the Defendant moves, in Limine, to strike the Peterbark's affividavits.