IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FIRST GUARANTY MORTGAGE CORP. | * | |
| PLAINTIFF | * | |
| v. | * | CIVIL ACTION NO. MJG 02-326 |
| RONALD PROCOPIO, et al. | * | |
| DEFENDANTS | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF LAW**

Defendant, Robert Chasteen, submits this Memorandum of Law in support of its opposition to Plaintiff's Motion for Summary Judgment.

The present case arises from two loan transactions involving First Guaranty Mortgage Corporation, Ronald Procopio, Andre Green, Area Mortgage, Lester Lovejoy and Robert Chasteen. Defendant Robert Chasteen is named as a Defendant in what has been referred to as the Gleneagle transaction or the Procopio 2 case, which is Case No. MJG02-326. The Defendant, for purposes of this motion, agrees with the Plaintiff's Statement of Facts set forth in its Motion for Summary Judgment as it relates to the Glen Eagle's transaction, with the exception that Defendant Chasteen did not submit a loan package to the Plaintiff, the loan package was prepared by staff members of Area Mortgage Company. (**See Defendant's Exhibit No. 7, Chasteen Affidavit.**)

Defendant Chasteen admits that he filled out the handwritten loan application that is Plaintiff's Exhibit No. 56 of which the information was provided by mail. . Defendant Chasteen further states that all information contained in Exhibits 56 and 57 was provided to Chasteen by the Peterbarks. Defendant Chasteen had no role in preparing any of the verification letters, bank statements, checks,

requests for verifications, appraisals, or other supporting documents in either of the Norwood or the Glen Eagle properties.  (**See Defendant's Exhibit No. 7)**

Defendant Chasteen's affidavit completely agrees with the Peterbarks' affidavit, in that the Peterbarks do not and have not suggested that Robert Chasteen prepared any falsified documents, knowingly prepared any falsified documents, or aided in procuring falsified documentation in support of their loan.

In addition to the Plaintiff's Statement of Facts, the Defendant Robert Chasteen provides the following undisputed facts.  The non-exclusive loan brokerage purchase and sale agreement provides "that FGMC will underwrite all packages submitted to FGMC. … All determinations to approve or deny such packages shall be made by FGMC in its sole discretion and in accordance with FGMC policies and standards."  (**See Plaintiff's Exhibit No. 3, paragraph 2.4**.)

Neither Area Mortgage nor Robert Chasteen provided underwriting or due diligence regarding any documentation accompanying a loan application.  (**See Defendant's Exhibit No.7**.)  That all "fraudulent" documents and verification including bank records, checks, employment verification, earnest money verification and existing bank account information were completed before the time the information came to Area Mortgage.  (**See Defendant's Exhibit No. 5, Neal Deposition, page 43, 44; and Defendant's Exhibit No. 7)**[1]

**APPLICABLE LAW – GLEN EAGLE TRANSACTION**

The standard for summary judgment is properly set out in the Plaintiff's Motion for Summary Judgment, as particularly noted in  Celotex Corporation vs. Catrett, 477 U.S.317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2nd 265 (1986) which Plaintiff presents for the proposition that pure speculation and unsupportive assertions, will not create a genuine issue of material fact.  In the present case,

there is no little dispute of material fact even looking at the Motion in a light most favorable to the moving party. In this instance, the Plaintiff's exhibits and affidavits show that the Plaintiff is not entitled to summary judgment as a matter of law.

## FAILURE TO ANSWER DOES NOT PRECLUDE PRESENTING THE DEFENSE TO SUMMARY JUDGMENT

The Plaintiff argues in Section 3 of his motion that the Defendant has failed to answer the complaint and that averments in the pleading are admitted at this time.[2] Plaintiff cites to numerous federal cases supporting the assertion that allegations in the complaint are to be treated as admitted when not denied. All of those cases, and most importantly, Burlington Northern Railroad Company vs. Huddleston, 94 F.3d 1413 (10th Cir. 1996), involve a Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. Pro 12(c), not a motion for summary judgment pursuant to Fed. R. Civ. Pro. 8. The difference between the two is that on a 12(c) motion, the pleadings are closed and judgment is rendered by review of the pleadings alone. The present case on a Rule 56, Motion for Summary Judgment, the defending party is entitled to supply supporting affidavits, pleadings, depositions, answers to interrogatories and admissions to oppose the motion for summary judgment. See Rule 56 (b) and (c). The Plaintiff's reliance on the Huddleston case is misplaced.

Further, Plaintiff did file request for admissions upon Defendant Chasteen seeking that the Defendant admit to the allegations contained in the First Amended Complaint. Defendant Chasteen replied to those admissions and vigorously denied any preparation of falsified documents, knowingly prepared any falsified documents, or aiding in procuring falsified documentation. **(See Plaintiff's Request for Admissions, Defendant's Exhibit No. 3 and Defendant Chasteen's Response to**

**Plaintiff's Request for Admissions, Defendant's Exhibit No. 4)**  While technically, the answer was not filed timely, the Plaintiff is on notice that the Defendant's vigorous opposition and defense to the case, including participating in discovery, settlement conferences and motion practice.

As to the meat of the Plaintiff's case, it is difficult to flush out.  Count One, Breach of Contract, does not apply to Defendant Chasteen.  Counts Two and Three, Civil Conspiracy and Fraud, do contain allegations against Defendant Chasteen. Under Maryland law, Civil Conspiracy requires a showing that there was an agreement by at least two persons to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal and that the act or means used resulted in damage to the Plaintiff.  See Maryland Pattern Instruction 7.6.  The Plaintiff has failed to show an agreement on the part of Robert Chasteen and any other party whether defendant or not to accomplish an unlawful act. The Plaintiff's own affidavits provided in support for the Motion for Summary Judgment do not address an agreement, only the fact that the Peterbarks signed the mortgage application after it had been completely filled out by Defendant Robert Chasteen.  **(See Peterbarks' Affidavits)**[3]

The Plaintiff alleges fraud against Defendant Chasteen and concludes there is fraud against Defendant Chasteen because of the "pervasive extent of the phony documents and doctored records". Defendant Chasteen does not dispute the fact that there were phony documents and doctored records and that there was a "…scheme to steal the Plaintiff's money".  However, Defendant Chasteen was not involved in any scheme and there is no evidence that Defendant Chasteen was.

In Nails v. S & R, Inc., 334 Md. 398, 415 (1994), the Court of Appeals summarized the elements of a cause of action for fraud or deceit.  In order to prevail, a plaintiff must prove:

(1) That the defendant made a false representation to the plaintiff;

(2) That its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth;

>   (3) That the misrepresentation was made for the purpose of defrauding the plaintiff;
>
>   (4) That the plaintiff relied on the misrepresentation and had the right to rely on it; and
>
>   (5) That the plaintiff suffered compensable injury resulting from the misrepresentation.

See Maryland Environmental Trust v. Gaynor, 370 Md. 89, 97 (2002); VF Corp. v. Wrexham Aviation Corp., 350 Md. 693, 703 (1998); Le Marc's Management Corp. v. Valentine, 349 Md. 645, 653 (1998); Alleco Inc. v. Weinberg Foundation, 340 Md. 176, 195 (1995); Gross v. Sussex, Inc., 332 Md. 247, 257 (1993); McGraw v. Loyola Ford, Inc., 124 Md. App. 560, 584-85, *cert. denied*, 353 Md. 473 (1999); see also MPJI § 11:1, at 313.

A "false representation" is a statement, conduct, or action that intentionally misrepresents a material fact. Parker v. Columbia Bank, 91 Md. App. 346, 359, *cert. denied*, 327 Md. 524 (1992); Snyder v. Herbert Greenbaum & Associates, 38 Md. App. 144, 148 (1997).

A defendant may be liable for fraud or deceit "only if he knows that his representation is false, or is recklessly indifferent in the sense that he knows that he lacks knowledge as to its truth or falsity." Ellerin v. Fairfax Savings, F.S.B., 337 Md. 216, 232 (1995). Moreover, in order to recover for fraud, the misrepresentation must be made with the deliberate intent to deceive. Ellerin, 337 Md. at 230. A fraud claim must be proved by clear and convincing evidence, Wrexham Aviation, 350 Md. 693. "The *prima facie* or legally sufficient case requires some competent evidence, which, **if believed and given maximum weight**, would establish all of the required legal elements of the tort…." Sass v. Andrew, No. 798, slip op. at 30 (Md. Ct. Sp. App. September Term 2002, filed September 17, 2003.)

Plaintiff has failed to introduce any evidence of the first three elements as to Defendant Robert Chasteen. The extent of Robert Chasteen's involvement in this transaction (the Glen Eagle transaction)

is that he prepared an application for mortgage on behalf of the Peterbarks. There is no allegation that he provided false information, that he created false information, that he doctored or altered documents or made a false representation. **(See Peterbarks' Affidavits, and Defendant's Exhibit No. 7.)** As to the second element, the Defendant knew of the falsity or made it with such reckless indifference to the truth, there is again no evidence that Defendant Chasteen knew of the falsity. In fact, David Neal acknowledged in deposition that the transactions involving the altered documents, the verifications, the altered checks, the phony deposits, all took place before Mr. Chasteen became involved with the mortgage application process. **(See Defendant's Exhibit No. 5, page 43.)** In Maryland, the proof of each of the elements must be clear and convincing. See Colandrea v. Colandrea, 42 Md. 421, 401 A2d 480 (1972). As to the knowledge, the law is very clear that scienter is required. A belief that the representation is true is a defense even if the belief resulted from a Defendant's negligence or ignorance. Lambert v. Smith, 235 Md. 284, 201 Atlantic 2d 491 (1964). A defendant may be liable for fraud or deceit "only if he knows that his representation is false, or is recklessly indifferent in the sense that he knows that he lacks knowledge as to its truth or falsity." Ellerin v. Fairfax Savings, F.S.B., 337 Md. 216, 232 (1995). In the present case Mr. Chasteen did not know, and was not informed that any of the documentation provided by the Peterbarks was fraudulent and he had no reason to. **(See Defendant's Exhibit No. 7)**

A fourth element is Plaintiff's reliance which is required, Savings Bank Retirement System vs. Clarke, 258 Md. 501, 265 A2d. 921 (1970). Whether the reliance was justified is viewed by the standard of a person of ordinary business prudence, Babb v. Boylard, 194 Md. 603, 72 A2d. 13 (1950). In the present case, pursuant to the non-exclusive loan brokerage purchase and sale agreement, Plaintiff First Guaranty Mortgage Corporation was the underwriter and determinations to approving or denying mortgage packages was to be made in sole discretion of the Plaintiff First Guaranty Mortgage Corporation. Essentially, First Guaranty reserved until itself its own due diligence. That can further be seen by the

fact that Plaintiff undertook to confirm the employment of Mr. and Mrs. Peterbark and received the same information regarding the status of employment that was provided to them by Area Mortgage. **(See Defendant's Exhibit No. 5, page 16, 17).**

There can be no doubt that a fraud of large proportions was perpetrated upon First Guaranty Mortgage. Whether the Plaintiff reasonably relied on the documents created and provided by the Peterbarks through Area Mortgages a question of fact to be determined by the fact finder. However, the Court does not need to reach that question because the first three elements of fraud have not been met and there is no evidence of a civil conspiracy involving Robert Chasteen.

Similarly, on the RICO counts, the Plaintiff alleges that Defendant Chasteen violated U.S.C. 18 § 1341, because he obtained information by mail by the Peterbarks. That of course is not what 18 U.S.C Section 1341 says. The statute requires that the individual, in this case Defendant Chasteen, place in a Post Office or authorized depository for mail, such matter or thing as described in the statute to be delivered to the person whom it is addressed. Plaintiff points to Exhibit 58, which indicates that the mortgage application was taken by mail. That is not a violation of the statute by Mr. Chasteen. There is no indication that Robert Chasteen mailed anything in furtherance of a conspiracy or fraud in violation of 1341. Similarly, in Section 1343, Plaintiff looks to Exhibit 57 showing that the application was taken by telephone, meaning, that the information was provided to Robert Chasteen by phone from the Peterbarks or other sources. U.S.C. 18 § 1343 requires that an individual, in this case Robert Chasteen, transmit or causes to be transmitted writing signs, signals, pictures or sounds. Again, in this case, the Plaintiff's has misread the statute and the exhibits provided. There is no evidence that Defendant Chasteen had any involvement in the transmittal of any material to the Plaintiff. Mr. Chasteen's only involvement was to prepare a Mortgage Loan application using information supplied by the Peterbarks.

Plaintiff is claiming $52,050.00 in expenses for securing and repairing the Gleneagles Property in from September 7, 2001 through November 29, 2001. The Plaintiff provides no basis for its obligation to maintain the property during that period. The property was not in foreclosure, **(see Defendant's Exhibit No. 5, pp 22, 23)** and in fact was owned by the Peterbarks until it was sold on August 9, 2002 **(See Defendant's Exhibit No. 8).** There is no reason in law or fact that required First Guaranty to spend $52,050.00 to maintain a property that it did not own, did not lease and had not contracted to maintain. Any such repairs were voluntary on the part of the Plaintiff and not causally related to the actions of Mr. Chasteen.

In sum, Defendant Chasteen, while employed as a loan officer completed a mortgage loan application August 2000. The application was supported by documents provided to Defendant Chasteen by the Peterbarks. The applications were subsequently prepared by Defendant Chasteen and forwarded to Area Mortgage staff to compile and send to the Lender, First Guaranty Mortgage Company. First Guaranty was responsible for providing underwriting, due diligence and authorization. First Guaranty did its own due diligence through Aaron Bacus, a First Guaranty employee who completed final applications for Peterbarks. Defendant Chasteen had no further involvement in the process. The claims against Mr. Chasteen are based on pure speculation and unsupportive assertions. As a matter of law the plaintiff is not entitled to Summary Judgment.

    Respectfully submitted,

_____
Terrence C. McAndrews
10632 Little Patuxent Pkwy, Ste. 420
Columbia, MD  21044
410-772-9696
Attorney for Defendant

**(Footnotes)**

[1] Mr. Neal speaks of an investigation of this matter throughout his deposition, yet Plaintiff was asked by Chasteen in Interrogatory No. 5 to state the names and addresses of all persons who investigated the cause and circumstances of the occurrence for you and the Plaintiff responded "none". (**See , Defendant's Exhibit No. 1** )

[2] Defendant Chasteen has sought leave of the court to file an answer to the first amended complaint.

[3] David Neal's affidavit provides no basis for judgment against Robert Chasteen in paragraph 47 of his affidavit. Neal presents his opinion based on his experience and knowledge but has not been identified as an expert.