IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FIRST GUARANTY MORTGAGE CORP.** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. MJG 02-326 (consolidated with MJG-01-1430) |
| **RONALD PROCOPIO, et al.** | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT LOVEJOY'S MOTION TO FILE ANSWER TO FIRST AMENDED COMPLAINT AND FOR MODIFICATION OF THE SCHEDULING ORDER

COMES NOW Plaintiff First Guaranty Mortgage Corporation, by and through its undersigned counsel, and hereby opposes Defendant Lovejoy's Motion to File Answer to First Amended Complaint and For Modification of the Scheduling Order (the "Modification Motion"), and as and for its cause, Plaintiff states as follows:

The Modification Motion asks this Court to modify its Scheduling Order to permit Defendant Lovejoy to conduct discovery and to permit Defendant Lovejoy to file an answer to the First Amended Complaint. The Motion leans heavily on the fact that Defendant Lovejoy was *pro se* for the more than three years that this case has been pending and has only recently obtained the services of counsel. Given the extended length of time that this matter has been before this Court, granting the Modification Motion would reward Defendant Lovejoy for his inaction rather than balance the scale of justice.

### BACKGROUND OF THE CASE

The instant case, Civil Action No. MJG-02-326, is a consolidation of two cases which were

filed in this Court. The initial case was filed on May 17, 2001, and was designated as Civil Action No. MJG-01-CV-1430 (the "First Procopio Case"). The second case was filed on January 30, 2002, and was designated as Civil Action No. WMN-02-326 (the "Second Procopio Case"). Defendant Lovejoy is a defendant in both the First Procopio Case and the Second Procopio Case.

The First Procopio Case and the Second Procopio Case were consolidated as the instant case pursuant to this Court's Order of Consolidation entered on November 4, 2002. Prior to entering its Order of Consolidation, this Court held a hearing which was attended by telephone by counsel for all represented parties and also by Defendant Lovejoy, *pro se*. In that telephone conference, which took place after the close of discovery in the First Procopio Case, this Court considered the issues pending in that case as well as the matters alleged in the Second Procopio Case and based on the concurrence of all parties present at that conference, this Court determined that the cases should be consolidated. At that telephone conference, this Court also inquired about the nature and extent of discovery needed, and after input from the parties, the Court agreed to the maximum period of discovery requested in that conference, which was nine months. As a result of that conference, this Court entered a Scheduling Order on November 4, 2002 which set a deadline for discovery of August 1, 2003, and a deadline of September 8, 2003 for dispositive pretrial motions. No one objected to those deadlines, either at the time of the telephone conference of October 29, 2002, or at any time thereafter through the close of discovery on August 1, 2003 until the Modification Motion was filed on September 8, 2003.

Defendant Lovejoy, on behalf of himself as well as on behalf of Defendant Area Mortgage of Maryland served an "answer" of sorts to the Complaint in the First Procopio Case which Plaintiff has construed as general denials of the allegations contained in the Complaint in that case. In

response to the Complaint in the Second Procopio Case, Defendant Lovejoy filed a Motion to Dismiss the Complaint on the grounds that the Complaint failed to include two necessary parties, namely Robert and Demeta Peterbark.  That Motion to Dismiss was denied by this Court in a Memorandum and Order dated November 4, 2002.  That Order also denied Defendant Chasteen's Motion to Dismiss the Complaint in the Second Procopio Case and directed Plaintiff to file an Amendment to the Complaint to clarify that federal jurisdiction was based on actions pleaded under the RICO statutes and not on diversity of the parties.

### A. Defendant Lovejoy Should Not Be Granted an Extension of Discovery

The Modification Motion repeatedly emphasizes that this Court should extend leniency to Defendant Lovejoy because he has proceeded as a *pro se* litigant in this case.  However, this case has proceeded for over three years and it is only after the close of discovery and the filing of Plaintiff's Motion for Summary Judgment that Defendant Lovejoy, through his counsel, requests that the case be reopened for discovery.  While such a request may have had some merit if this case were in its first few months or perhaps in the first year or so of this case, this matter has been pending for three years and four months.  In effect, Defendant Lovejoy asks this Court to reward his failure to obtain counsel by delaying a case that is ripe for summary judgment and/or ready for trial on the merits.

The suggestion in the Modification Motion that Defendant Lovejoy was prejudiced by his lack of representation and his naivete is belied by the facts and by his actions (or inactions).  For example, in December 2002, in response to Interrogatories propounded by Plaintiff to Defendants Lovejoy and Area Mortgage of Maryland, Defendant sent a facsimile to Plaintiff's counsel enclosing the Answers to Interrogatories and also disclosing in the "FAX Cover Sheet" the "[m]y attorney is

Bruce A. Johnson, Jr. (301) 860-1505." See, Exhibit A attached hereto.

The Modification Motion repeatedly, and incorrectly, states that this Court entered the Scheduling Order without consulting with the parties. To the contrary, the provisions in the Scheduling Order were only entered after this Court held a telephone conference which was attended by Defendant Lovejoy where one specific topic of that conference was the amount of time necessary or desirable for discovery. At that conference, the Court was very accommodating of the parties in allowing all of the time requested by the parties for discovery.

In its Modification Motion, Defendant Lovejoy is portrayed as the innocent *pro se* litigant who did everything humanly possible for a lay person to be involved in the discovery process. However, despite being served document discovery requests and interrogatories himself, Defendant Lovejoy never made any discovery requests of Plaintiff or any other party. As for his activity in participating in discovery, it is notable that Defendant Lovejoy, despite written notice, did not attend the depositions of Defendant Robert Procopio, Defendant Margaret Procopio, or the deposition of David Neal, the President of Plaintiff.

It is apparent from the foregoing that Defendant Lovejoy freely chose not to involve counsel in his representation (at least in an overt manner as evidenced by Exhibit A) for over three years. Having made his decision not to have counsel formally representing him throughout this extended period of open discovery, Defendant Lovejoy must accept the consequences of that decision and an extension of discovery would not be appropriate.

  B. **Defendant Lovejoy Should Not Be Permitted to File an Answer**

The Modification Motion also argues that Defendant Lovejoy, hampered by his lack of legal representation, should also now be allowed to file an answer to the complaint. Defendant Lovejoy

argues that filing his proposed answer now will not be unfairly prejudicial. To the contrary, permitting a filing of an answer at this late stage of the case when it is ripe for summary judgment and/or trial on the merits, turns the Federal Rules of Civil Procedure on its head.

As Defendant Lovejoy's proposed answer, which is attached as Exhibit B to the Modification Motion, clearly sets forth, Defendant Lovejoy now denies virtually all of the allegations in the First Amended Complaint, and further sets forth ten affirmative defenses which Plaintiff did not have the benefit of challenging and exploring in discovery.

As a lay person, it was not foreign to Defendant Lovejoy as to the components or requirements of a formal answer to the complaint. In the Second Procopio Case, on March 8, 2002, Judge Nickerson send a letter to Defendants Lovejoy and Area Mortgage of Maryland in response to a letter from Defendant Lovejoy requesting a 60 day extension to file an Answer. In that letter, Judge Nickerson granted the 60 day requested extension, and Judge Nickerson enclosed a copy of the pertinent Local Rules which must be followed, admonishing that a failure to adhere to these rules could result in a default judgment being entered against Defendant Lovejoy. On May 7, 2002, Defendant Lovejoy sent another letter to Judge Nickerson requesting an additional 60 days extension, which extension was granted on May 8, 2002. On April 25, 2002, Defendant Torrey Lauersen filed his Answer to the Complaint and on May 17, 2002, Defendant Robert Bell filed his Answer to the Complaint. Despite the requests and approvals for two extensions, and despite having the opportunity to review the format and content of answers to the Complaint filed by two of the defendants, Defendant Lovejoy never filed an answer to the Complaint.

It is certainly appropriate to make greater accommodations for lay persons proceeding *pro se*, as Judge Nickerson did by granting two 60 day extensions for filing an answer. However, to wait

until the close of discovery and in response to a Motion for Summary Judgment to seek to file an answer to the Complaint is beyond merely untimely. There must be a reasonable cut-off for such response and certainly more than a year's delay and at this late stage of this case is beyond a reasonable accommodation, even for a *pro se* litigant.

WHEREFORE, Plaintiff respectfully requests that the Modification Motion be denied, and for such other and further relief as the cause of justice may require.

Respectfully submitted,

   /s/ Gerald F. Chapman
Gerald F. Chapman #10460
6917 Arlington Road, Suite 350
Bethesda, MD 20814
(301) 652-3900

Attorney for Plaintiff First Guaranty Mortgage Corporation

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __23rd__ day of __September__, 2003, a true and correct copy of the above and foregoing was sent by first class mail, postage pre-paid, to:

| | |
|---|---|
| Ian A. Williams, Esq.<br>717 D Street, N.W., Suite 400<br>Washington, DC 20004 | Andre P. Barber, Esq.<br>BARBER & ASSOCIATES, P.C.<br>1825 I Street, NW, Suite 400<br>Washington, D.C. 20024 |
| Robert H. Hillman, Esq.<br>416 Hungerford Drive, #435<br>Rockville, MD 20850 | Area Mortgage of Maryland<br>c/o Mr. Lester H. Lovejoy<br>4305 29th Street<br>Mt. Ranier, MD 20712 |
| Mr. Andre Green<br>701 Carnoustie Lane<br>Fort Washington, MD 20744 | Terrence C. McAndrews, Esq.<br>2000 Century Plaza<br>10632 Little Patuxent Parkway, Suite 446,<br>Columbia, MD 21044 |

   /s/ Gerald F. Chapman
GERALD F. CHAPMAN