```
IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
                          Northern Division
```

First Guaranty Mortgage Corp. )      Case No. MJG 02-326
                              )         Consolidated w/ MJG 01-1430
     v.                       )
                              )
Ronald Procopio, et. al.      )

<u>MOTION OF DEFENDANTS RONALD PROCOPIO AND MARGARET PROCOPIO
FOR LEAVE TO FILE AN UNTIMELY ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendants Ronald and Margaret Procopio, by and through their attorney and pursuant to Fed.R.Civ.P. 8 & 15, hereby move for leave to file an answer to plaintiff's complaint. As set forth herein and more particularly the attached memorandum of points and authorities, this Court should allow the Procopios to file an answer, which is enclosed herewith.

                                    Respectfully Submitted,


                                    _____/s/_____
                                    Ian A. Williams #13631
                                    717 D Street, N.W.
                                    Suite 400
                                    Washington, D.C. 20004
                                    (202) 842-2700

                                    (Attorney for defendants
                                     Ron & Margaret Procopio)

1

Certificate of Service

I hereby certify that a copy of the foregoing was served via first-class mail, postage prepaid on the 25th day of September, 2003 on the following individuals:

Gerald F. Chapman, Esquire
6917 Arlington Road
Suite 350
Bethesda, MD 20814

Robert M. Hillman, Esquire
416 Hungerford Drive
Suite 435
Rockville, MD 20850

Andre Barber, Esquire
1825 Eye Street, N.W.
Suite 400
Washington, D.C. 20006

Terrence C. McAndrews, Esquire
10632 Little Patuxent Parkway
Suite 446
Columbia, MD 21044

_____
Ian A. Williams

```
IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
                          Northern Division

First Guaranty Mortgage Corp. )      Case No. MJG 02-326
                              )        Consolidated w/ MJG 01-1430
     v.                       )
                              )
Ronald Procopio, et. al.      )
```

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS RONALD PROCOPIO AND MARGARET PROCOPIO FOR LEAVE TO FILE AN UNTIMELY ANSWER TO PLAINTIFF'S COMPLAINT

The instant action involves plaintiff First Guaranty Mortgage Corporation's contention that the Procopios and numerous others defrauded it. First Guaranty has brought this action alleging breach of contract, fraud, civil conspiracy and Racketeering Influenced and Corrupt Organizations (RICO) Act provisions violations.

## I. BACKGROUND

The nub of First Guaranty's complaint is that during the period between July and September, 2000 the Procopios and other defendants conspired to overvalue a property located at 751 Gleneagles Drive, Fort Washington, MD prior to selling it to Robert and Demeta Peterbark. First Guaranty alleges that this overvaluation caused it to authorize a loan to the Peterbarks in the amount of $330,000.00 to assist with the purchase of the property for $470,000.00. First Guaranty claims that it learned the property was worth substantially less than $330,000.00 when it foreclosed upon the property following the Peterbarks' default.

3

First Guaranty has further alleged that roughly during that same period a similar fraudulent scheme by some of the Gleneagles defendants, including defendant Ronald Procopio, involved the over-valuation and sale of a property located at 12704 Norwood Lane, Fort Washington, MD.  In that case, Ronald and Latissa Thomas allegedly purchased the Norwood Lane property for $470,000.00 with the assistance of a loan from First Guaranty in the amount of $376,000.00.  Again, First Guaranty claims that it did not learn that the Norwood Lane property was worth less than $376,000.00 until after it initiated foreclosure proceedings following the Thomas' default.

On or around January 29, 2001 First Guaranty filed an action based on the Norwood Lane transaction action against various individuals and entities, including Mr. Procopio, but not Mrs. Procopio.  Mr. Procopio filed a timely answer on July 11, 2001.

First Guaranty filed the instant action on January 30, 2002.  Rather than answering, the Procopios filed a motion to dismiss on March 10, 2002.  This Court, per the Hon. William M. Nickerson, denied that motion on June 20, 2002.  On November 4, 2002 this Court entered an Order of Consolidation as to the two cases.

Mr. Prococopio timely responded to Requests for Admissions in the Norwood matter and both Mr. and Mrs. Procopio prepared

timely responses to First Guaranty's Requests for Admissions in the instant (Gleneagles) case. Moreover, the Procopios produced documents responsive to First Guaranty's requests, participated in the deposition of First Guaranty's Fed.R.Civ.P. 30(b)(6) corporate designee and appeared for their own depositions when noticed in the instant case. In other words, the Procopios have participated actively in the instant/Gleneagles case.

First Guaranty has moved for summary judgment based on, inter alia, the failure of the Procopios to file an answer in the instant (Gleneagles) case. Regrettably, this motion was necessary to alert the undersigned counsel to the fact that he inadvertently did not prepare and file an answer following this Court's denial of the motion to dismiss. Therefore, the Procopios respectfully seek leave at this time to file the attached answer.

## II. ARGUMENT

The purpose of the Answer or other responsive pleading is to serve notice to the plaintiff and other parties regarding the defenses to be asserted by that defendant. First Guaranty and the other parties hereto are well aware of the Procopios' positions and the defenses they intend to assert based on, inter alia, the motion to dismiss that this Court denied, the questions asked on their behalf in deposition and their responses to First Guaranty's Request for Admissions. The

5

proposed Answer contains nothing contradictory to that which they have previously asserted.

The answer filed by Mr. Procopio in the first case is identical to that which he and his wife, Margaret Procopio, propose to serve in the instant case in terms of the affirmative defenses.  Moreover, the essence of the answer is the same, namely the Procopios deny any wrongdoing.  Therefore, First Guaranty cannot reasonably claim any prejudice, let alone unfair prejudice, based on any delay in filing the answer.

The proper remedy for a failure to file an answer is ordinarily a default judgment per Fed.R.Civ.P. 55 as opposed to summary judgment under Fed.R.Civ.P. 56.  A default judgment, however, would be inappropriate in the instant case because the Procopios have actively participated in the instant litigation. Moreover, because the general policy embodied in the federal rules of procedure is the resolution of disputes on their merits, default judgments are generally disfavored and leave to amend or set aside a default is to be freely granted. Cf. Davis v. Piper Aircraft Corporation, 615 F.2d 606, 613 (4th Cir. 1980)(Delay alone in filing a pleading or amendment thereto should not suffice as a basis for denial absent specifically resulting prejudice or an obvious design to harass the party opponent through dilatory tactics).

Judge Garbis' September 26, 2003 Order (docketed September 23, 2003) granting codefedant Robert Chasteen's motion for leave to file his answer out of time (DN.78: Paperless Order) confirms that the Procopios should similarly be allowed to file their answer. The underlying facts governing Mr. Chasteen's and the Procopio's failure to answer are essentially identical and the factors in the Procopio's favor are no less compelling than those affecting the Procopios.

### III. CONCLUSION

Allowing the Procopios to file the attached answer would be consistent with the purpose of the federal rules. Therefore, the Procopios respectfully request that they be allowed to file the attached answer to plaintiff's complaint and that such answer be deemed timely filed.

Respectfully Submitted,

           /s/
Ian A. Williams #13631
717 D Street, N.W.
Suite 400
Washington, D.C. 20004
(202) 842-2700

(Attorney for defendants
 Ron & Margaret Procopio)

7

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

First Guaranty Mortgage Corp. )     Case No. MJG 02-326
                              )     Consolidated w/ MJG 01-1430
     v.                       )
                              )
Ronald Procopio, et. al.      )

ORDER

WHEREUPON, having considered the motion of defendants Ronald Procopio and Margaret Procopio for leave to file an untimely Answer, any opposition thereto and the record herein and having found that good cause supports the motion, it is hereby ORDERED, that the motion is GRANTED and it is

FURTHER ORDERED that the Answer of Defendants Ronald Procopio and Margaret Procopio is accepted for filing.

_____          _____
          Judge                                      Date

Copies to:

Gerald F. Chapman, Esquire                Terrence C. McAndrews, Esquire
6917 Arlington Road                       10632 Little Patuxent Parkway
Suite 350                                 Suite 446
Bethesda, MD 20814                        Columbia, MD 21044


Robert M. Hillman, Esquire                Ian A. Williams, Esquire
416 Hungerford Drive                      717 D Street, N.W.
Suite 435                                 Suite 400
Rockville, MD 20850                       Washington, D.C. 20004
                                          ianwilliams@erols.com


Andre Barber, Esquire
1825 Eye Street, N.W.
Suite 400
Washington, D.C. 20006