IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FIRST GUARANTY MORTGAGE CORP.,  :
    Plaintiff,

                                :  CIVIL ACTION NO.: MJD-02-326

v.

                                :

RONALD PROCOPIO, et. al.,
    Defendants       :

---

## DEFENDANT LOVEYJOY'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Lester H. Lovejoy ("Lovejoy"), by counsel, hereby responds to Plaintiff's, First Guaranty Mortgage Corporation's, motion for summary judgment. In support of this opposition, Lovejoy submits the following memorandum of law and the attached affidavit which was also submitted in connection with Lovejoy's motion for partial summary judgment.

### FACTUAL BACKGROUND

On September 8th, Plaintiff filed its motion for summary judgment ("Plaintiff's Motion") against several of the defendants, including Lovejoy and Area Mortgage of Maryland ("Area Mortgage"). Although Plaintiff has submitted voluminous evidence with its motion, Plaintiff's evidence falls well short of supporting its request for summary judgment.

With respect to Plaintiff's breach of contract claim against Lovejoy, Plaintiff submitted a copy of the Nonexclusive Loan Brokerage Purchase and Sale Agreement ("Broker Agreement") referenced in its First Amended Complaint ("Complaint"). In its motion, Plaintiff asserts that the

Broker Agreement was "signed *personally* by ... Lovejoy as owner" (Pls. Mot. p.21.) (emphasis) and that "Lovejoy ... is jointly liable for [the] agreement." (Pl.'s Mot., p. 22.) The plain terms of the Broker Agreement contradict Plaintiff's assertion because the introductory paragraph of the agreement does not reflect that Lovejoy is a party to the contract.[1] The paragraph reads as follows:

> "This LOAN BROKER AGREEMENT ... is entered into ... by and between First Guaranty Mortgage Corporation ('FGMC'), a corporation organized and existing under the laws of the State of Virginia and **Area Mortgage of Maryland ('Broker'), a State of Maryland Corporation** ...." (Pl.'s Ex. 3)(emphasis).[2]

Furthermore, the Broker Agreement's signature paragraph reflects that **neither** Lovejoy nor Plaintiff executed the agreement. The signature page reads as follows:

> "IN WITNESS WHEREOF, the parties hereunto have executed this Agreement as of the day and year first written above.
> **Broker**                               **First Guaranty Mortgage Corporation**
> By Lester Lovejoy [signed]               By [unsigned]
> Its Owner [printed]                      Its [blank]" (Pl.'s Ex. 3)

Plaintiff's remaining claims (civil conspiracy, fraud, RICO) are similarly without merit. Plaintiff's Motion contains three affidavits, identical affidavits by Demeta and Robert Peterbark, the loan applicants who signed the falsified loan documents, and an affidavit by David Neal, Plaintiff's President. The Peterbarks state that Lovejoy supervised the Defendant Chasteen and

---

[1] None of the terms in the Broker Agreement provide that Lovejoy is liable under the contract.

[2] We note that the Broker Contract names a Maryland corporation as a party, however, Plaintiff is alleging that a Maryland general partnership is liable under the contract. Plaintiff has not submitted any evidence to explain this inconsistency.

that Area Mortgage was "acting through ... Lovejoy."3 (Peterbark Aff., ¶ 5.) Additionally, the Peterbarks indicate that Lovejoy "prepared and presented" certain loan documents that contained false statements. However, it is not disputed that the loan documents do not contain any statements by Lovejoy. Moreover, neither of the Peterbarks asserts that Lovejoy gave the loan documents to Plaintiff with the knowledge that the documents contained false statements. Furthermore, the Peterbarks do not state that they conspired with Lovejoy to defraud or otherwise mislead Plaintiff.

The Neal affidavit also similarly states in a conclusory fashion that Lovejoy "supervised" Chasteen and that Area Mortgage "acted through" Lovejoy. (Neal Aff., ¶ 26.) Neal further claims that Lovejoy "submitted" certain loan documents that contained false information. (Neal Aff., ¶¶ 27, 29, 33-37.) Neal concludes his affidavit by stating that "[b]ased on [his] experience and knowledge of the residential mortgage lending business, the ... fraud and misrepresentation ... could not have occurred without the knowledge and active participation of ... Lovejoy ...." (Neal Aff., ¶ 47.) Neal, however, fails to detail how Lovejoy "actively participated" in any alleged fraudulent acts and he does not specify the knowledge possessed by Lovejoy or the time period in which Lovejoy acquired the knowledge.

## LEGAL ARGUMENT AND CITATION OF AUTHORITY

I. **PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFF'S CLAIMS AGAINST LOVEJOY AMOUNT TO ASSERTIONS THAT ARE EITHER UNSUPPORTED OR REFUTED BY PLAINTIFF'S OWN EVIDENCE.**

A. Plaintiff is not entitled to summary judgment against Lovejoy with respect to the breach of contract claim because Plaintiff's evidence affirmatively demonstrates that

---

3 This statement is subject to a motion to strike as made in Lovejoys' Motion to Strike Affidavits.

Lovejoy is not a party to the Broker Agreement.

It is manifest that a contract is an agreement between two or more persons which creates and obligation ...." Black's Law Dic. 322 (6th ed.). We submit that the Broker Agreement plainly does not constitute a contract between Lovejoy and Plaintiff because Lovejoy is not a party to the agreement and neither he nor Plaintiff executed the agreement. Thus, not only does Plaintiff's breach of contract claim appear to be without merit, Plaintiff's evidence affirmatively demonstrates that <u>Lovejoy</u> is entitled to summary judgment with respect to the breach of contract claim.

  B. Plaintiff is not entitled to summary judgment against Lovejoy with respect to the remaining claims because Plaintiff's evidence utterly fails to substantiate its claims.

Lovejoy adopts the points and authorities submitted in pages 4 through 9 of Defendant Chasteen's response to Plaintiff's Motion and those contained in pages 9-11 of Defendant Procopio's opposition to Plaintiff's Motion (relating to the elements necessary to establish a RICO claim). Namely, Plaintiff has failed to submit any evidence that Lovejoy has conspired to harm Plaintiff. Moreover, Plaintiff has not demonstrated that Lovejoy knowingly made any false statement to Plaintiff. Instead, Plaintiff's evidence merely reflects that Plaintiff received loan documents that contained false statements. Each of the false statements was indisputably made by persons other than Lovejoy and no allegation is made that Lovejoy ever knew that any of the statements was false. Furthermore, by any stretch of imagination, Plaintiff's evidence does not reveal that Lovejoy was involved in a conspiracy.

4

Accordingly, Lovejoy submits that the fact that he may have unwittingly transmitted inaccurate documents to Plaintiff does not make him liable under Plaintiff's RICO, conspiracy, or fraud claims. Plaintiff therefore is not entitled to summary judgment with respect to those claims.

Respectfully submitted,

Andre P. Barber
Barber & Associates, P.C.
1825 I Street, NW, Suite 400
Washington, D.C. 20006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of September, 2003, a copy of the foregoing opposition was mailed to the following parties via U.S mail, postage prepaid: (1) Gerald F. Chapman, 6917 Arlington Road, Suite 350, Bethesda Maryland 20814; (2) Robert H. Hillman, Magazine & Hillman PC, 416 Hungerford Drive, Suite 435, Rockville MD 20850, (3) Terrence C. McAndrews, Law Offices of Terrence McAndrews, 2000 Century Plaza, 10632 Little Patuxent Pkwy, Suite 446, Columbia MD 21044; and (4) Ian A. Williams, 717 D Street NW, Suite 400, Washington, DC 20004.

Andre P. Barber

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FIRST GUARANTY MORTGAGE CORP.,
    Plaintiff,

v.

CIVIL ACTION NO.: MJG-02-326

RONALD PROCOPIO, et. al.,
    Defendants

### DEFENDANT LOVEJOY'S AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

BEFORE ME, the undersigned officer duly authorized to administer oath, personally appeared Lester H. Lovejoy, who, being first duly sworn, deposes and states under oath as follows:

1.

My name is Lester H. Lovejoy. I am named as a defendant in the above styled civil action. I am over eighteen (18) years of age and I am competent to testify as to the facts contained herein, which are true and based on my personal knowledge. Each of the attached exhibits constitutes a part of this affidavit and are true and correct copies of the original documents.

2.

I am a founder and owner of Area Mortgage of Maryland, L.L.C., a Maryland limited liability company. The company operates a mortgage brokerage business located in Lanham, Maryland. A true and correct copy of the company's good standing certificate and Articles of Organization are attached to this affidavit as Exhibit A. The company does not presently operate as a general partnership and has not operated as a general partnership in the past.

3.

Prior to retaining counsel in this case, I did not understand the technical distinctions between a general partnership and a limited liability company. However, I do not

own any interest in the Maryland general partnership referred to in the complaint as "Area Mortgage of Maryland" and to the best of my knowledge no such entity exists.

4.

I have not personally entered into any contract or agreement with the Plaintiff, First Guaranty Mortgage Corporation. Moreover, I have not entered into any contracts with the Plaintiff on behalf of any general partnership.

5.

I do not have any personal interest in the loan transaction that was allegedly made to Robert L. Peterbark and Deneta Peterbark. I did not submit to Plaintiff any of the documents referenced in Plaintiff's complaint which allegedly contained false or misleading statements. Moreover, at the time that the documents were submitted to the Plaintiff, I did not have know that the documents contained false or misleading statements. Nor did I ever warrant or represent to Plaintiff that the documents contained true statements. Furthermore, during all times referenced in the complaint and thereafter, I have not entered into an agreement with any person or entity to create or assist in the creation of false documents that were to be submitted to the Plaintiff.

6.

During all time periods relevant to the complaint and thereafter, I have not participated with any of the defendants in any business or criminal enterprise. I have not entered into any agreement with any of the defendants to commit any crime or to otherwise harm, defraud, trick, or mislead Plaintiff in any manner.

*[signature]*
LESTER H. LOVEJOY

Sworn to and subscribed
before me this  5  day
of September, 2003, in _Prince Georges_ County, Maryland.

*[signature]* / My commission expires on  BARBARA L. BROTHERTON
Notary Public                                NOTARY PUBLIC STATE OF MARYLAND
                                             My Commission Expires July 27, 2004

2

# STATE OF MARYLAND
## Department of Assessments and Taxation

I, PAUL ANDERSON OF THE STATE DEPARTMENT OF ASSESSMENTS AND TAXATION OF THE STATE OF MARYLAND, DO HEREBY CERTIFY THAT THE DEPARTMENT, BY LAWS OF THE STATE, IS THE CUSTODIAN OF THE RECORDS OF THIS STATE RELATING TO LIMITED LIABILITY COMPANIES OR THE RIGHTS OF LIMITED LIABILITY COMPANIES TO TRANSACT BUSINESS IN THIS STATE, AND THAT I AM THE PROPER OFFICER TO EXECUTE THIS CERTIFICATE.

I FURTHER CERTIFY THAT AREA MORTGAGE OF MARYLAND, L.L.C. IS A LIMITED LIABILITY COMPANY EXISTING UNDER AND BY VIRTUE OF THE LAWS OF THE STATE OF MARYLAND, AND THAT THE LIMITED LIABILITY COMPANY IS AT THE TIME OF THIS CERTIFICATE IN GOOD STANDING TO TRANSACT BUSINESS.

IN WITNESS WHEREOF, I HAVE HEREUNTO SUBSCRIBED MY SIGNATURE AND AFFIXED THE SEAL OF THE STATE DEPARTMENT OF ASSESSMENTS AND TAXATION OF MARYLAND AT BALTIMORE ON THIS AUGUST 21, 2003.

*Paul R. Anderson*

Paul B. Anderson
Charter Division



301 West Preston Street, Baltimore, Maryland 21201
Telephone Balto. Metro (410) 767-1340 / Outside Balto. Metro (888) 246-5941    0002493245
MRS (Maryland Relay Service) (800) 735-2258 TT/Voice
Fax (410) 333-7097

12/02/99   18:35

AREA MORTGAGE OF MARYLAND, L.L.C.
(A Maryland Limited Liability Company)
ARTICLES OF ORGANIZATION 12/2/99 at 10:35a

THIS IS TO CERTIFY:

FIRST: The undersigned THOMAS J. SCHETELICH, whose post office address is 1401 Bank of America Center, 100 South Charles Street, Baltimore, Maryland 21201, being at least eighteen (18) years of age, hereby forms a Limited Liability Company, organized under Title 4A of the Corporation and Associations Article of the Annotated Code of Maryland.

SECOND: The name of the Limited Liability Company (which is hereafter called the "Company") is:

AREA MORTGAGE OF MARYLAND, L.L.C.

THIRD: The Company shall be a limited liability company as authorized by Title 4A, the Limited Liability Company Act, of the Corporations and Associations Article of the Annotated Code of Maryland, as amended.

FOURTH: The purposes for which the Company is formed are:

1. To engage in the business of brokering mortgage loans; and

STATE OF MARYLAND
hereby certify that this is a true and complete copy of the document on file in this office. DATED: 8-2-03
STATE DEPARTMENT OF ASSESSMENTS AND TAXATION
BY: _____, Custodian
This stamp replaces our previous certification system. Effective: 6/95

2. To do anything permitted by § 4A-203 of the Corporation and Associations Article of the Annotated Code of Maryland, as amended from time to time.

FIFTH: The post office address of the principal office of the Company in this State is 9470 Annapolis Road, Lanham, MD 20706.

SIXTH: The name and post office address of the Resident Agent of the Company in this State is Les Lovejoy, 9470 Annapolis Road, Lanham, MD 20706. The Resident Agent is an individual actually residing in this State.

SEVENTH: The latest date on which the Company may exist is January 1, 2013.

EIGHTH: The authority of members to act for the Company solely by virtue of their being members is limited. No member of the Company is an agent of the Company solely by virtue of being a member and no member has authority to act for the Company solely by virtue of being a member. Each person dealing with a member is presumed to have knowledge that the member has no authority to act for the Company solely by virtue of being a member.

NINTH: The names and addresses of the original members of the Company are: Les Lovejoy, 9470 Annapolis Road, Lanham, MD 20706; Bob Bell, 9470 Annapolis Road, Lanham, MD 20706; Tony Lacunson, 9470 Annapolis Road, Lanham, MD 20706.

12/02/99  10:35                                                    NO.682
DEC-02-99 10:08 AM  NUNAK+MORTGAGE           3013065124              P.08

_____          _____
Witness                            Thomas J. Schetelich

I HEREBY CONSENT TO ACT AS RESIDENT AGENT IN MARYLAND FOR THE
ENTITY NAMED IN THE ATTACHED INSTRUMENT.

Leo Loveley                        _____
                                   Signature

STATE OF MARYLAND, CITY OF BALTIMORE, TO WIT:

On this 24th day of November, 1999, before me, the undersigned officer, personally appeared THOMAS J. SCHETELICH, known to me to be the person whose name is subscribed to the above instrument and he acknowledged the same for the purpose therein contained.

In witness whereof, I have hereunto set my hand and official seal.

                                   _____
                                   NOTARY PUBLIC
                                   Maureen E. Tracey
                                   Notary Public of the State of Maryland
My Commission expires:             Commission Expires 3-11-02