IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FIRST GUARANTY MORTGAGE CORP.,  :
    Plaintiff,

                                                  :   CIVIL ACTION NO.: MJD-02-326

v.

                                                  :

RONALD PROCOPIO, et. al.,
    Defendants                             :

---

## LOVEJOY'S REPLY TO PLAINTIFF'S OPPOSITION TO LOVEJOY'S MOTION TO FILE ANSWER TO FIRST AMENDED COMPLAINT AND FOR A MODIFICATION OF THE SCHEDULING ORDER

Defendant Lester H. Lovejoy ("Lovejoy"), by counsel, replies to Plaintiff's Opposition to Defendant Lovejoy's Motion to File Answer to First Amended Complaint and for Modification of the Scheduling Order ("Modification Motion") as follows.

In opposition to the Modification Motion, Plaintiff argues that Lovejoy, "having made his decision not to have counsel formally representing him ... must accept the consequences of that decision ...." We submit, however, that Lovejoy's decision to initially represent himself does not warrant the entry of a one million dollar judgment in favor of Plaintiff that is partly based on a contract that neither Plaintiff nor Lovejoy signed. Moreover, even Plaintiff concedes that the Modification Motion would have merit "if this case were ... [within] the first year." (Pl.'s Opp., p.3.) Notwithstanding Plaintiff's misplaced observation that the case has been *pending* for three years, the Modification Motion would indeed cause the discovery period to fall within a one year

time frame because the Court initially provided for a nine month discovery period and Lovejoy's motion seeks an additional three month discovery extension. Contrary to Plaintiff's suggestion, the fact that the case was pending prior to the start of the discovery period should not count as a mark against Lovejoy.

Plaintiff also notes that the Court conferred with the parties and agreed to the maximum discovery period requested. (Pl.'s Opp., p. 4.) Assuming that Plaintiff's assertion is true, Lovejoy does <u>not</u> maintain that the Court erred by setting an initial nine month discovery period. Rather, Lovejoy asserts that this Court has greater discretion to modify its discovery schedule because the schedule was entered pursuant to the local rules, not the Federal Rules of Procedure. Such discovery orders are routinely entered in simple cases and may be entered without consultation with the parties. In the instant matter, Plaintiff's case has proved to be more complex than even Plaintiff initially thought it would be. Given the case's complexity, the fact that Lovejoy was a <u>pro se</u> party and the fact that Lovejoy was not informed of his right to seek modification of the Court's scheduling order, we submit that the Court should exercise its discretion in favor of resolving this case on the merits, particularly since no party other than Plaintiff has indicated any opposition to Lovejoy's request to extend discovery and Plaintiff has failed to explain how it would be prejudiced by a discovery extension.

Plaintiff also asserts that Lovejoy's proposed answer should not be allowed because it is prejudicial. According to Plaintiff, it would be prejudiced because Lovejoy "now denies virtually all of the allegations in the First Amended Complaint...." (Pls. Opp., p. 5.) (emphasis). Plaintiff's argument is clearly disingenuous. Plaintiff cannot be surprised by the fact that Lovejoy denies having entered into a contract with Plaintiff when Plaintiff has submitted a

2

contract (in its summary judgment motion) that affirmatively shows that neither Lovejoy nor Plaintiff was a party to the contract. Similarly, Lovejoy's denial of his involvement in the alleged conspiracy does not come as a shock to Plaintiff. In his original answer Lovejoy specifically stated:

> "The Defendant Lester Lovejoy ... den[ies] any wrongdoing and believes these charges are far reaching and irresponsible.... The Plaintiff fails to show any collusion between the parties named in this case ... the reason being none exist. I Lester H. Lovejoy had no knowledge of any wrongdoing ...." (Ans. pp. 4-5.)

Thus, from early on, Plaintiff clearly knew that the meat of its case was strongly denied by Lovejoy. Moreover, with respect to Lovejoy's "prejudicial" affirmative defenses, we note that many of the defenses are already raised by the other defendants. Thus, Plaintiff has had an opportunity to conduct discovery as it relates to those defenses. Furthermore, the remaining affirmative defenses fall into two categories: first, those that would bar Plaintiff's claims as a matter of law (i.e., failure to state a claim) and secondly, those that rely on facts that Plaintiff knew or should have known prior to bringing the case in the first place. (For example, Lovejoy's fourth affirmative defense is based on the fact that the named defendant, Area Mortgage, is a nonexistent entity.) Thus, Plaintiff is hard pressed to claim that it is prejudiced by Lovejoy's proposed answer.

In conclusion, Lovejoy submits that the Modification Motion should be granted.

Respectfully submitted,

BARBER & ASSOCIATES, P.C.

By: _____
Andre P. Barber
1825 I Street, NW, Suite 400
Washington, D.C. 20006
(202) 479-0325

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of September, 2003, a copy of the foregoing reply was mailed to the following parties via U.S. mail, postage prepaid to file answer to the amended complaint and for modification of scheduling order, and Lovejoy's: (1) Gerald F. Chapman, 6917 Arlington Road, Suite 350, Bethesda Maryland 20814; (2) Robert H. Hillman, Magazine & Hillman PC. 416 Hungerford Drive, Suite 435, Rockville MD 20850, (3) Terrence C. McAndrews, Law Offices of Terrence McAndrews, 2000 Century Plaza, 10632 Little Patuxent Pkwy, Suite 446, Columbia MD 21044; and (4) Ian A. Williams, 717 D Street NW, Suite 400, Washington, DC 20004.

_____
Andre P. Barber

4