UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

September 26, 2003

**VIA ELECTRONIC FILING**

Gerald F. Chapman, Esquire
6917 Arlington Rd Ste 350
Bethesda, MD 20814

Terrence C McAndrews, Esquire
10632 Little Patuxent Pkwy Ste 446
Columbia, MD 21044

Ian A Williams, Esquire
717 D St NW Ste 400
Washington, DC 20004

Robert H Hillman, Esquire
Magazine and Hillman PC
416 Hungerford Dr Ste 435
Rockville, MD 20850

Andre Barber, Esquire
800 Fourth St SW Ste 714N
Washington, DC 20024

Re:   First Guaranty Mortgage Corp. v. Procopio, et al.
      Civil Action No. MJG-02-326

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled, with the consent of the parties, for **Friday, October 31, 2003 at 9:30 a.m.** to be held in my chambers (Room 235A, United States Courthouse, 6500 Cherrywood Lane, Greenbelt, Maryland).  It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  Attendance by the attorney for a party is not sufficient.  See Local Rule 607.3.  Please also be advised that the conference may take the entire day.

No later than **Friday, October 24, 2003 by 12:00 noon**, I would like to receive from each party a short letter via facsimile (301-344-0394) candidly setting forth the following:

   1. Facts you believe you can prove at trial;

   2. The major weaknesses in each side's case, both factual and legal;

   3. An evaluation of the maximum and minimum damage awards you believe likely;

U.S. District Court (Rev. 9/2001)

*First Guaranty Mortgage v. Procopio, et al*
September 26, 2003
Page 2

    4.  The history of any settlement negotiations to date; and

    5.  Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted <u>ex</u> <u>parte</u> and will be solely for my use in preparing for the settlement conference.  I also will review the pleadings in the court file.  Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify.  If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Charles B. Day
United States Magistrate Judge

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement.  The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters.  Therefore, please discuss these items with your client before appearing for the settlement conference.

U.S. District Court (Rev. 9/2001)