```
               IN THE UNITED STATES DISTRICT COURT
                    DISTRICT OF MARYLAND
                     SOUTHERN DIVISION
```

FIRST GUARANTY MORTGAGE CORPORATION:

    Plaintiff                           :

    vs.                                  :   CASE No. MJG-02-326

RONALD PROCOPIO, et al      :   (Consolidated. MJG 01-1430)

    Defendants                       :

**DEFENDANT ROCK CREEK ASSOCIATES OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Rock Creek Associates ("Rock Creek"), though its undersigned attorney, Robert H. Hillman and Magazine & Hillman, PC, and for its Opposition to Plaintiff's Motion for Summary Judgment, submits the following Memorandum of Law and re-adopts the Affidavits which were submitted with Rock Creek's and Gusman's Motion To Dismiss and those of the other Defendants filed and incorporated into their Oppositions to the Plaintiff's Motion for Summary Judgment.

**FACTUAL BACKGROUND**

On or about September 8, 2003, the Plaintiff filed a Motion for Summary Judgment (Plaintiff's Motion) against several of the Defendants, including Rock Creek. The Defendant Gusman, the principal of Rock Creek, has been adjudicated bankrupt and discharged from any and all obligations pursuant to the Court

Order in her bankruptcy action (02-18118 DK filed on or about July 12, 2002) and the action has been stayed against her individually and now must be dismissed. Rock Creek, the entity handling the settlement, for all practical purposes has ceased to exist since it is a defunct corporation. See attached Exhibit A.

Although the Plaintiff has submitted voluminous evidence with its Motion, the Plaintiff's evidence falls well short of supporting its request for summary judgment against this Defendant and fails to provide any documentation whatsoever in support of any allegations involving Rock Creek.

With respect to the Plaintiff's claims of civil conspiracy, fraud, and RICO, these claims are without merit as it affects Rock Creek, and were not amended nor supplemented from the original Complaint when the Amended Complaint was filed. The Plaintiff's Motion Affidavits of Demita and Robert Peterbark, parties which are the original Borrowers, and who allegedly committed the fraud in the instant action though they are not named parties, are real parties in interest, necessary parties, and are the loan applicants who signed the allegedly falsified loan documents. The Peterbarks state that Gusman handled the settlement and did not handle the settlement at the "P. O. Box" which is the corporate and mailing address which Rock Creek

maintained as its offices at the time of the settlement. Additionally, the Peterbarks indicated that Rock Creek prepared and presented the settlement documents for execution and accepted a cashier's check which they assert were funds that did not belong to them. Again, there is no factual indication whatsoever on the check submitted at settlement that Rock Creek or Gusman knew who the check was from or from whose account it was drafted on, except by mere conclusory allegation. Additionally, nothing in the settlement documents as asserted to by the Plaintiff, asserts that any of the closing documents whatsoever contained false statements with the exception of the address maintained by Rock Creek Associates as it P. O. Box which in any way caused or assisted with the damages alleged by the Plaintiff. Again, where the settlement occurred is irrelevant to the claims asserted to as this is not a "false statement" insofar as while the settlement did not occur at the "PO Box", for all practical purposes the offices of the settlement agent for mailing purposes is the "P. O. Box".

 Moreover, none of the contentions asserted to in any of the Affidavits by any of the parties asserts that Rock Creek gave documents to the Plaintiff with the knowledge that the documents contained false statements, and furthermore, no party asserts with the exception of mere conclusory allegations that any party

conspired with Rock Creek to defraud or otherwise mislead the Plaintiff.

It should be noted that prior to doing the closing, the settlement sheet was faxed to the Plaintiff who accepted same after reviewing it and not mention was made of the address issue.

The Plaintiff merely states conclusory allegations of the alleged facts against Rock Creek in an attempt to bootstrap itself to the claim, and fails to factually support any of the allegations against Rock Creek with regard to the fraud, conspiracy, or RICO action with any actual facts or documentation. The Plaintiff merely asserts by conclusion that the fraud and misrepresentation could not have occurred without the knowledge and participation of Rock Creek.

Unfortunately, none of the Affidavits or supporting documentation provides any proof that Rock Creek "actively participated" in any alleged fraudulent acts.

## LEGAL AUTHORITY AND CITATION

Plaintiff is not entitled to summary judgment since Plaintiff's claims against Rock Creek amount to conclusory assertions that are either unsupported or refuted by Plaintiff's own evidence. Nothing in the settlement sheet delineates any fraud perpetrated by Rock Creek Associates whatsoever against

anyone, and to the extent that any alleged misrepresentation occurred involving the location of the settlement offices, this representation did not adversely affect the Plaintiff in any way whatsoever.

More so, Rock Creek adopts the Points & Authorities submitted in pages 4 through 9 of Defendant Chasteen's response to Plaintiff's Motion, and those contained in pages 9 through 11 of Defendant Procopio Opposition to Plaintiff's Motion (Relating to the elements necessary to establish a RICO claim). Namely, Plaintiff has failed to submit any evidence that Rock Creek has conspired to harm the Plaintiff in any way shape or form and merely makes conclusory assertions to that effect. Moreover, the Plaintiff has not demonstrated that Rock Creek knowing made any false statements to the Plaintiff for which the Plaintiff would in fact rely upon to its detriment and that caused the damages it allegedly sustained. Instead the Plaintiff's evidence merely reflects that the Plaintiff provided Rock Creek Associates with documents for closing, and that upon execution by the Peterbarks of these documents, Rock Creek was to "*magically know*" that the loan had been obtained by false pretense by the Peterbarks who the Plaintiff relies upon. Each of the false statements made allegedly made was undisputedly made by persons other than Rock Creek or its employees and no

allegation is made that Rock Creek ever knew or reason to know any of the statements made by other parties were in fact false or that the cashier's check provided to it was not of the funds of Peterbark. At no time did the Peterbarks ever disclose same, and to the contrary, did execute all of the documentation submitted to the Plaintiff which the Plaintiff prepared on behalf of the Borrowers, the Peterbarks. Furthermore, by any stretch of the imagination the Plaintiff's evidence does not reveal that Rock Creek in any which way could have been involved in a conspiracy.

Interesting enough, the Court should look at the factual nature surrounding the Peterbarks providing the Affidavits they have. Whatever the agreement is which the Peterbarks have made with the Plaintiff, they have agreed to provide the Plaintiff with any statements which the Plaintiff appears to be drafting in hopes of extricating themselves from liability under the circumstances. It is the Peterbarks who signed the documentation now alleged to be falsified and it is the Peterbarks who are now executing Affidavits drafted by the Plaintiff on behalf of the Plaintiff and the Plaintiff has chosen not to sue the Peterbarks who under every stretch of the imagination are the responsible parties. Again, the Court must look at the quality of the Affidavits being made and the parties

who are making them and the question the veracity of the Peterbarks under the circumstances in light of the fact they have a <u>past history of committing perjury</u> as alleged and factually supported by the Plaintiff themselves.

## CONCLUSION

In conclusion, the Plaintiff fails to state not only a cause of action upon which relief can be granted but fails to demonstrate that there is not a genuine dispute of material fact which would entitle them to judgment as a matter of law. The underlying Affidavits are suspect at best, the allegations made by the Plaintiff are merely conclusory in nature and after all of the documentation provided, the Plaintiff fails to establish any nexus between the other Defendants and Rock Creek Associates such that a judgment is warranted. Accordingly, under the circumstances of factual allegations, the Plaintiff is not entitled to summary judgment with respect to the claims as submitted.

```
                              Respectfully Submitted:
                              MAGAZINE & HILLMAN, PC

                                     /s/
                              _____
                              Robert H. Hillman, Fed. Bar 06910
                              416 Hungerford Drive, #435
                              Rockville, MD 20850
                              Attorney for Defendant, Rock Creek
                              Associates, Inc.
                                  301-340-8300
                                  Fax 301-251-9632
```

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2003, I mailed by first class mail, postage prepaid, a copy of the foregoing to:

Gerald R. Chapman, Esquire
6917 Arlington Road, Suite 350
Bethesda, MD 20814
Attorney for Plaintiff,

Andre P. Barber, Esquire
Barber & Associates, PC
1825 I Street, NW
Suite 400
Washington, DC 20006
Attorney for Lester A. Lovejoy

Terrence C. McAndrews, Esquire
2000 Century Plaza
10632 Patuxent Pkway. Ste 446
Columbia, MD 21044
Attorney for Robert Chasteen

Ian A. Williams, Esquire
717 D Street, NW
Suite 400
Washington, DC 20004
Attorney for Procopio

Andre Green
701 Carnoustie Lane
Landover, MD 20744
Defendant

_____/s/_____
__Robert H. Hillman, Fed. Bar 06910