**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **FIRST GUARANTY MORTGAGE CORP.** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. MJG 02-326 (consolidated with MJG-01-1430)** |
| **RONALD PROCOPIO, et al.** | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S: (1) OPPOSITION TO DEFENDANT CHASTEEN'S MOTION FOR LEAVE TO FILE A RESPONSIVE PLEADING OR IN THE ALTERNATIVE FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING SAME; (2) MOTION TO STRIKE DEFENDANT ROCK CREEK ASSOCIATES ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND (3) OPPOSITION TO MOTION OF DEFENDANTS RONALD PROCOPIO AND MARGARET PROCOPIO FOR LEAVE TO FILE AN UNTIMELY ANSWER TO PLAINTIFF'S COMPLAINT AND/OR MOTION TO STRIKE THE ANSWER OF DEFENDANTS RONALD PROCOPIO AND MARGARET PROCOPIO**

COMES NOW Plaintiff First Guaranty Mortgage Corporation, by and through its undersigned counsel, and hereby: (1) opposes Defendant Chasteen's Motion for Leave to File a Responsive Pleading, or in the alternative, moves this Court to reconsider its Order granting same; (2) moves to strike Defendant Rock Creek Associates Answer to Plaintiff's First Amended Complaint; and (3) opposes the Motion of Defendants Ronald Procopio and Margaret Procopio for Leave to File an Untimely Answer to Plaintiff's Complaint and/or to strike the Answer of Defendants Ronald Procopio and Margaret Procopio. As and for its cause, Plaintiff states as follows:

On or about September 8, 2003, Defendant Lovejoy filed a Motion to File Answer to First Amended Complaint and for Modification of the Scheduling Order (the "Modification Motion") in

this case and Plaintiff has filed an opposition (the "Modification Opposition") thereto. That matter is now pending for determination before this Court. Plaintiff hereby adopts and incorporates herein the Modification Opposition in Plaintiff's opposition to the captioned motions of the various defendants and/or in support of its captioned motions in this pleading.

On or about September 10, 2003, Defendant Chasteen filed his Motion for Leave to File a Responsive Pleading (the "Chasteen Motion"), and this Court granted Chasteen's Motion by its Order (the "Chasteen Order") entered on or about September 16, 2003. As set forth herein, Plaintiff opposes the Chasteen Motion, or in the alternative, moves this Court to reconsider the Chasteen Order and deny same.

On or about September 18, 2003, Defendant Rock Creek Associates, Inc. filed its Answer to Plaintiff's First Amended Complaint ("Defendant Rock Creek's Answer"). Defendant Rock Creek Associates, Inc. did not seek leave of this Court to untimely file its answer, and as set forth herein, Plaintiff requests this Court to strike Defendant Rock Creek's Answer as untimely filed.

On or about September 24, 2003, Defendants Ronald Procopio and Margaret Procopio filed their Answer of Defendants Ronald Procopio and Margaret Procopio and Jury Demand (the "Procopio Answer"). On or about September 25, 2003, Defendants Ronald Procopio and Margaret Procopio filed their Motion for Leave to File an Untimely Answer to Plaintiff's Complaint (the "Procopios' Motion"). As set forth herein, Plaintiff asks this Court to strike the Procopio Answer and to deny the Procopios' Motion.

BACKGROUND OF THE CASE

The instant case, Civil Action No. MJG-02-326, is a consolidation of two cases which were filed in this Court. The initial case was filed on May 17, 2001, and was designated as Civil Action

No. MJG-01-CV-1430 (the "First Procopio Case"). The second case was filed on January 30, 2002, and was designated as Civil Action No. WMN-02-326 (the "Second Procopio Case"). Ronald Procopio is a defendant in both the First Procopio Case and Ronald Procopio, Margaret Procopio, Robert Chasteen and Rock Creek Associates, Inc., are defendants, among others, in the Second Procopio Case.

The First Procopio Case and the Second Procopio Case were consolidated as the instant case pursuant to this Court's Order of Consolidation entered on November 4, 2002.

Defendant Ronald Procopio, through his counsel, filed an answer to the complaint in the First Procopio Case after his motion to dismiss was denied. In response to the Complaint in the Second Procopio Case, Defendants Ronald Procopio, Margaret Procopio, Robert Chasteen, and Rock Creek Associates, Inc., through their respective counsel, filed motions to dismiss the Complaint on various grounds, but none of these defendants filed any answer to that Complaint, either before or after the motions to dismiss were denied. The last of the motions to dismiss was denied by this Court in a Memorandum and Order dated November 4, 2002. That Order also denied Defendant Chasteen's Motion to Dismiss the Complaint in the Second Procopio Case and directed Plaintiff to file an Amendment to the Complaint to clarify that federal jurisdiction was based on actions pleaded under the RICO statutes and not on diversity of the parties.

Two other defendants in the Second Procopio Case, Robert Bell and Torrey Lauersen, filed answers to the Complaint filed in that case. Those two defendants were subsequently dismissed by consent from the case. However, none of the other defendants who are the subject of this pleading filed any answer in the Second Procopio Case, either in response to the Complaint as originally filed or in response to the First Amended Complaint (which only changed the grounds for jurisdiction to

federal statute instead of diversity of citizenship).

**Defendants Should Not Be Permitted to File Untimely Answers**

The essence of the arguments in support of the Chasteen Motion and the Procopios' Motion is that there is no prejudice to Plaintiff by allowing the late filing of their answers because Plaintiff could have gleaned from various other pleadings and deposition questions that these Defendants were denying the allegations or raising certain defenses. To the contrary, permitting filing of answers at this late stage of the case when it is ripe for summary judgment and/or trial on the merits introduces new, unexplored and unexplained matters and issues which would be very prejudicial to Plaintiff. Furthermore, to permit filing of answers where none have previously been filed completely rejects the clear guidelines set forth in the Federal Rules of Civil Procedure and the cases which have upheld them.

As the defendants have argued in their motions, this Court has discretion to permit the late filing of pleadings similar to the discretion which court has to permit amendments of pleadings. In Davis v. Piper Aircraft Corp., 615 F.2d 606 (4th Cir. 1980), which was cited in the defendants' motions, the court held that when considering whether to exercise its discretion to grant leave to amend a pleading, a party ought to be afforded an opportunity to test his claim on the merits, citing and quoting from Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed. 222 (1962), and in the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the moving party, or undue prejudice to the opposing party by virtue of allowance of the amendment, the leave sought should be freely given. The Davis v. Piper Airccraft Corp. court went on to conclude that the absence of prejudice, though not alone determinative, will normally

warrant granting leave to amend, citing Wall v. Chesapeake & Ohio Railway, 339 F.2d 434 (4th Cir. 1964), noting that the four month delay in that case was not enough of a reason for denial. In the case of Wall v. Chesapeake & Ohio Railway, *supra*, the appeals court noted that leave to amend a complaint would not be prejudicial to the defendant in that case in light of the fact that the defendant would have ample opportunity to defend on the merits against the amended pleadings.

From the foregoing, it is clear that the determination of whether a court should exercise its discretion to permit an amendment of a pleading, and by extension to permit a late filing of a pleading, should be determined by the extent of the delay involved and the prejudice to the other party. Instructive in that regard is the case of Burlington Northern Railroad Co. v. Huddleston, 94 F.3d 1413 (10th Cir. 1996). In that case, as in the instant case, the defendant filed a motion to dismiss the complaint but never filed an answer to the complaint, and plaintiff's summary judgment motion was granted as the allegations in the complaint were deemed to be admitted.

As set forth above, the Complaint in the Second Procopio Case was filed January 30, 2002, almost two years ago. Although two defendants (not subjects of this pleading) did file answers to that Complaint, none of the other defendants filed any answers to the Complaint. When the First Procopio Case and the Second Procopio Case were consolidated as the instant case on November 4, 2002, this Court entered a Scheduling Order setting August 1, 2003 as the date for close of discovery and setting September 8, 2003 as the deadline for filing dispositive motions. The parties then proceeded to conduct such discovery as they deemed appropriate or necessary and it was not until after September 8, 2003, when Plaintiff filed its Motion for Summary Judgment, that Defendants Ronald Procopio, Margaret Procopio, Robert Chasteen and Rock Creek Associates, Inc., sought to file answers to the Complaint.

In the course of nine months of discovery, Plaintiff's determination of when and how to obtain discovery was dictated in large part by the answers to the Complaint, or lack thereof, by the Defendants. Those decisions included which parties to depose and when, which third party fact witnesses to depose, what documents to request of parties or to subpoena from third parties, what interrogatories, if any, to propound, and to whom, and the necessity and scope of any expert witnesses to employ in the proof of Plaintiff's case and in its presentation to a jury. The lack of answers of the Defendants, and accordingly the absence of any affirmative defenses, also impacted decisions by the Plaintiff as to which, if any, claims to pursue or abandon and which, if any, defendants with whom to settle, compromise or release from suit or otherwise not pursue, and which third parties might also be considered to be brought in as additional parties. The substance, or absence, of answers and affirmative defenses impacted not only the timing and scope discovery matters, it also impacted Plaintiff's decisions with respect to timing and content of any summary judgment motions or the necessity of any follow-up actions to discovery responses (such as motions to compel or challenges to assertion of Fifth Amendment rights). To permit the Defendants to file answers and assert affirmative defenses after the close of discovery and the filing of an extensive Motion for Summary Judgment has the practical effect of either restarting the entire litigation process over from the beginning, or permitting the Defendants to effectively sandbag their participation in the notice pleading process until the eve of trial.

Indeed, a reading of the answers and affirmative defenses in the proposed answers for the Defendants demonstrates why it is manifestly unfair to permit their late-filing of their answers. Each of the Defendants propose to deny the overwhelming bulk of the allegations in the Complaint, denying virtually every aspect of the allegations made by the Plaintiff. Moreover, the affirmative

defenses raise a wealth of new and unexplored legal and factual issues. In the proposed answers by Defendants Ronald Procopio and Margaret Procopio, they raise affirmative defenses such as accord and satisfaction, waiver, estoppel, ratification, "Plaintiff's own acts and omissions", lack of clean hands, failure to exhaust remedies, collateral estoppel, judicial estoppel, res judicata, amount in controversy does not exceed $75,000, and that Plaintiff has suffered no damages.[1] The answer of Defendant Rock Creek Associates, Inc., similarly puts at issue virtually all of the allegations in the Complaint and also raises affirmative, but unexplained and unexplored defenses such as statute of limitations, statute of frauds, contributory negligence and assumption of risk, lack of capacity, laches, estoppel, collateral estoppel, waiver, and failure to mitigate damages. Similarly, the answer of Defendant Chasteen denies virtually all of the allegations in the Complaint and includes affirmative defenses such as statute of limitations, accord and satisfaction, release, waiver, and failure to mitigate damages.

As enumerated above, it is extremely prejudicial to Plaintiff to permit the Defendants, by their own inexcusable and unexplained delay, to change the entire complexion of this case after the close of discovery and Plaintiff's filing of its Motion for Summary Judgment. The Defendants have not argued any compelling reasons for their decisions not to file such answers previously. Indeed, the Defendants have not argued <u>any</u> reasons for their failure to timely file answers. They merely assert that discretion should be freely given. Plaintiff respectfully submits that while some delay in

---

[1]As set forth in Exhibit Nos. 1 and 2 to Plaintiff's Motion for Summary Judgment filed in this case, Defendants Ronald Procopio and Margaret Procopio refused to answer virtually any questions in depositions by asserting their constitutional right against self-incrimination. Thus, by permitting the Procopios at this stage of the proceedings to file answers and affirmative defenses, they are effectively speaking through these pleadings while remaining silent at deposition on their constitutional grounds.

filing answers may be excused, permitting late-filing after nearly two years, the close of discovery, and the filing of a Motion for Summary Judgment, exceeds any reasonable standard.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that: (1) Defendant Chasteen's Motion for Leave to File a Responsive Pleading be denied, or in the alternative, that this Court reconsider its Order granting same and deny such motion; (2) this Court strike Defendant Rock Creek Associates Answer to Plaintiff's First Amended Complaint; and (3) that this Court deny the Motion of Defendants Ronald Procopio and Margaret Procopio for Leave to File an Untimely Answer to Plaintiff's Complaint and/or to strike the Answer of Defendants Ronald Procopio and Margaret Procopio, and for such other and further relief as the cause of justice may require.

Respectfully submitted,

/s/

Gerald F. Chapman #10460
6917 Arlington Road, Suite 350
Bethesda, MD 20814
(301) 652-3900

Attorney for Plaintiff First Guaranty Mortgage Corporation

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _5th__ day of __October__, 2003, a true and correct copy of the above and foregoing was sent by first class mail, postage pre-paid, to:

Ian A. Williams, Esq.
717 D Street, N.W., Suite 400
Washington, DC 20004

Robert H. Hillman, Esq.
416 Hungerford Drive, #435
Rockville, MD 20850

Mr. Andre Green
701 Carnoustie Lane
Fort Washington, MD 20744

Andre P. Barber, Esq.
BARBER & ASSOCIATES, P.C.
1825 I Street, NW, Suite 400
Washington, D.C. 20024

Area Mortgage of Maryland
c/o Mr. Lester H. Lovejoy
4305 29th Street
Mt. Ranier, MD 20712

Terrence C. McAndrews, Esq.
2000 Century Plaza
10632 Little Patuxent Parkway, Suite 446,
Columbia, MD 21044

/s/
GERALD F. CHAPMAN