IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FIRST GUARANTY MORTGAGE CORP.** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. MJG 02-326 |
| | | (consolidated with MJG-01-1430) |
| **RONALD PROCOPIO, et al.** | : | |
| | : | |
| Defendants. | | |
| | : | |

**PLAINTIFF'S REPLY TO DEFENDANT ROBERT CHASTEEN'S
RESPONSE TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff First Guaranty Mortgage Corporation, by and through its undersigned counsel, and hereby replies to Defendant Robert Chasteen's Response to Plaintiff's Motion for Summary Judgment ("Chasteen's Response"), and as and for its cause Plaintiff states as follows:

Chasteen's Response asserts that the Motion for Summary Judgment should be denied because, while he admits that a "fraud of large proportion" was perpetrated on the Plaintiff in the transactions described in the Motion for which he was the admitted loan officer, there is no allegation that Chasteen either knew of the fraud or acted in reckless disregard for the truth of the fraudulent documents and scheme which was perpetrated. Chasteen further asserts that he is not liable under the RICO counts of the First Amended Complaint because there is no allegation that Defendant Chasteen was involved in the transmittal of fraudulent documents which constituted acts of mail fraud or wire fraud. Finally, Chasteen's Response argues that Plaintiff provides no basis for its incurring expenses totaling $52,050.00 for securing and repairing the Gleneagles Property and

thus is not entitled to seek recovery of that amount as part of its damages.

The assertion that Plaintiff has not alleged that Defendant Chasteen was involved in the fraud is not correct. Furthermore, there are direct allegations, and Defendant Chasteen has acknowledged, that he was directly involved in acts of mail fraud and wire fraud as part of, and in furtherance of, the RICO counts. Finally, the evidence submitted confirms that the repair expenses to the Gleneagles Property are properly an element of the damages for which Plaintiff is entitled to recover. Accordingly, Plaintiff is entitled to summary judgment against Defendant Chasteen.

## THE REQUISITE GROUNDS FOR FRAUD HAVE BEEN ALLEGED

Defendant Chasteen argues that key elements of the fraud claim against him are missing. As he correctly points out, in Maryland to recover damages for fraud, a plaintiff must prove that: (1) a defendant made a false representation to a plaintiff, (2) its falsity was either known to the defendant or that the representation was made with reckless indifference to its truth, (3) the representation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury resulting from such misrepresentation. Ellerin v. Fairfax Savings, F.S.B., 652 A.2d 1117 (Md. 1995). Defendant Chasteen concedes that a fraud of large proportions was perpetrated on Plaintiff, but he argues that Plaintiff has failed to introduce any evidence of the first three elements as to Defendant Chasteen.

However, the Motion for Summary Judgment, which is affirmed under oath by David Neal, the President of First Guaranty Mortgage Corporation as true and correct, alleges repeatedly that Defendant Chasteen, among others, was engaged to secure the financing for the Gleneagles Property, solicited Plaintiff for the financing, submitted the fraudulent Real Estate Sale Contract, submitted to Plaintiff the untrue Sales Contract Deposit Verification with its doctored check, submitted to

Plaintiff the materially false Deposit Verification from "Green Investment", submitted to Plaintiff the materially false Rent Verification which contained Defendants Ronald and Margaret Procopio's office address, submitted to Plaintiff the materially false Handwritten Loan Application which was also signed by Defendant Chasteen, submitted to Plaintiff the materially false Typewritten Loan Application which was also signed by Defendant Chasteen, and submitted to Plaintiff a very questionable appraisal report. See, Motion for Summary Judgment, pp. 10-15. In his Affidavit, David Neal testified that based on his experience and knowledge of the residential lending business, the fraud and misrepresentations described could not have occurred without the knowledge and active participation of, among others, Defendant Chasteen. See, Affidavit of David Neal at ¶ 47. Robert Peterbark and Demeta Peterbark[1] testified in their affidavits that the false and fraudulent documents containing the false statements were prepared by and presented to them by, among others, Defendant Chasteen. See, Affidavit of Robert Peterbark at ¶ 28; Affidavit of Demeta Peterbark at ¶ 28.

While the best evidence of Defendant Chasteen's knowledge and fraudulent intent as to the representations and fraud would be his own acknowledgment of same, it is unlikely that even the most creative discovery would elicit such a forthright and truthful response. Nevertheless, a legal inference of that intent and knowledge is permissible from the conduct of the parties, without regard to an actual showing of their intent. Fuller v. Horvath, 402 A.2d 134 (Md. App. 1979). It is not

---

[1] In Defendant Chasteen's Response, he asserts that the Peterbarks were not identified in Plaintiff's Answers to Interrogatories (attached to Defendant Chasteen's Response as "Plaintiff's Exhibit 1") as persons with personal knowledge. That assertion is not true. Defendant Chasteen refers to Interrogatory No. 2 which asks Plaintiff to identify all persons *not mentioned elsewhere in your answers to Interrogatories* who have personal knowledge of facts material to the case. [emphasis added] The Peterbarks are mentioned in response to six of the twenty-eight Interrogatories (Nos. 10, 12, 15, 16, 17, and 23).

necessarily a single fact but a conclusion which is drawn from all of the circumstances of the case. Fraud vitiates and taints whatever it touches. Id.  The overwhelming totality of the fraudulent acts and misrepresentations as documented by the numerous exhibits and Affidavits, and indeed even acknowledged by Defendant Chasteen, leads inescapably to the conclusion that Defendant Chasteen made false representations to the Plaintiff, he knew that the representations were false, they were made for the purpose of inducing Plaintiff to make the ill-fated loan, plaintiff reasonably relied on those false representations and was damaged as a result.

### **CHASTEEN IS COMPLICIT IN THE PREDICATE ACTS RELATING TO RICO**

Defendant Chasteen argues that he did not mail anything or transmit anything by wire and thus there is no evidence that he has committed any acts of mail fraud in violation of 18 U.S.C. § 1341 or that he has committed any acts of wire fraud in violation of 18 U.S.C. § 1343.  Defendant Chasteen misreads these statutes.  It is not only a violation of these statutes if one sends a false writing in the mail or transmits a false document by wire.  Rather, the violation occurs by virtue of the use of the mails or a transmission by wire as part of the fraudulent acts or scheme.

18 U.S.C. § 1341 as well as its analogous statute for wire fraud, 18 U.S.C. § 1343, includes prohibitions as to not only placing things in the mail but also taking or receiving therefrom.  U.S. v. Bowers, 644 F.2d 320 (4th Cir. 1981) (the use of a newspaper in mailing out ads placed by the defendant was a sufficient use of the mails for conviction and constituted an integral part of the fraudulent scheme); U.S. v. Guest, 74 F.2d 730 (2nd Cir. 1935) (one who causes letter to be delivered by mail to himself pursuant to fraudulent scheme is guilty of offense under clause applicable to persons causing delivery of mail); U.S. v. International Term Papers, Inc., 477 F.2d 1277 (1st Cir. 1973) (under this section it is not necessary that mailing be between perpetrator and victim, and any

mailing in connection with scheme is enough).

Clearly it is the use of the mails or a wire transmission as part of a fraudulent scheme that constitutes the statutory offense. In this case, Defendant Chasteen concedes that the mail was used for the fraudulent Handwritten Loan Application and the wires were used for the transmission of the fraudulent Typewritten Loan Application. As such, the predicate acts necessary for a RICO claim have been admitted.

**PLAINTIFF IS ENTITLED TO REPAIR EXPENSES AS AN ELEMENT OF DAMAGES**

Defendant Chasteen argues that Plaintiff is not entitled to recover as damages the $52,050.00 in expenses which Plaintiff incurred for securing and repairing the Gleneagles Property because Plaintiff did not own, lease or contract to maintain that property and any such repairs were voluntary on the part of Plaintiff. To the contrary, as set forth in the Affidavit of David Neal, the president of Plaintiff First Guaranty Mortgage Corporation, Plaintiff spent the sum of $52,050.00 to secure and repair the Gleneagles Property "in order to protect the property from further deterioration." See, Affidavit of David Neal at ¶43. Clearly, securing and repairing the Gleneagles Property from further deterioration evidences Plaintiff's efforts to mitigate its damages as a result of the fraud perpetrated by Defendant Chasteen and the other defendants. Defendant Chasteen's argument as to this expenditure is particularly ironic in light of affirmative defense No. 3 in Defendant Chasteen's late-filed answer that the Plaintiff has failed to mitigate its damages. On the one hand, Defendant Chasteen alleges lack of mitigation, but when recovery for that very mitigation is sought as damages, Defendant asserts that such expenditures were merely "voluntary." Defendant Chasteen's assertion that Plaintiff is not entitled to recover for its efforts to avoid further deterioration of the security collateral for the loan is completely without merit.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that its Motion for Summary Judgment be granted, and for such other and further relief as the cause of justice may require.

Respectfully submitted,

/s/
Gerald F. Chapman #10460
6917 Arlington Road, Suite 350
Bethesda, MD 20814
(301) 652-3900

Attorney for Plaintiff First Guaranty
Mortgage Corporation

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __6th__ day of __October__, 2003, a true and correct copy of the above and foregoing was sent by first class mail, postage pre-paid, to:

| | |
|---|---|
| Ian A. Williams, Esq.<br>717 D Street, N.W., Suite 400<br>Washington, DC 20004 | Andre P. Barber, Esq.<br>BARBER & ASSOCIATES, P.C.<br>1825 I Street, NW, Suite 400<br>Washington, D.C. 20024 |
| Robert H. Hillman, Esq.<br>416 Hungerford Drive, #435<br>Rockville, MD 20850 | Area Mortgage of Maryland<br>c/o Mr. Lester H. Lovejoy<br>4305 29th Street<br>Mt. Ranier, MD 20712 |
| Mr. Andre Green<br>701 Carnoustie Lane<br>Fort Washington, MD 20744 | Terrence C. McAndrews, Esq.<br>2000 Century Plaza<br>10632 Little Patuxent Parkway, Suite 446,<br>Columbia, MD 21044 |

      /s/
GERALD F. CHAPMAN