IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FIRST GUARANTY MORTGAGE CORP.    *

        Plaintiff    *

        vs.    *    CIVIL ACTION NO. MJG-02-326
                           (Consolidated with MJG-01-1430)
RONALD PROCOPIO, et al.    *

        Defendant    *

*    *    *    *    *    *    *    *
*

## MEMORANDUM AND ORDER

The Court has before it Defendant Lovejoy's Motion to File Answer to First Amended Complaint and for a Modification of the Scheduling Order and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

The first of these consolidated cases (Case Number MJG-01-1430), was filed May 7, 2001. Case Number MJG-02-326 was filed January 30, 2002. In these cases, Plaintiff claims that Defendant Lester H. Lovejoy ("Lovejoy") and others engaged in a conspiracy to defraud it in connection with a residential mortgage loan.

By Memorandum And Order issued October 9, 2002,[1] the Court denied Defendant Procopio's motion to stay the proceedings indefinitely and directed counsel to arrange a telephone

---

[1] By Order issued in MJG-01-1430.

conference.

On November 4, 2002 the Court (by Memorandum And Order issued in MJG-02-326) denied motions to dismiss by Lovejoy (asserting an absence of necessary parties) and Defendant Chasteen (asserting the absence of diversity jurisdiction). As to jurisdiction, the Court held that Plaintiff had implicitly - although not expressly - invoked federal question jurisdiction.  The Court, therefore, directed Plaintiff to file an Amendment to Complaint which expressly sought to invoke jurisdiction under 28 U.S.C. § 1331.  The Court further provided that the Defendants did not have to respond to the Amendment to Complaint.  On November 8, 2002, Plaintiff filed the First Amended Complaint.  Neither Lovejoy nor any other Defendant filed an Answer thereto at that stage.

On November 4, 2002, after a telephone conference in which Plaintiff and Defendants, including Lovejoy pro se, participated, the Court issued a Scheduling Order pursuant to the agreement of all concerned.  The Scheduling Order provided for an August 1, 2003 discovery deadline.

On September 8, 2003, more than a month after the discovery deadline imposed herein, Lovejoy, at this point represented by counsel, filed the instant motion.  Lovejoy seeks to reopen discovery for 90 days and to file an Answer to

the First Amended Complaint.

The Court will not reopen discovery herein.  Assuming
that there was an obligation on the part of the Court to
confer with the parties prior to issuing a Scheduling Order,
the Court did so in the instant case.  Moreover, Lovejoy - who
was expressly on notice by the Scheduling Order itself that
the Court would change the schedule for good cause - did not
seek any change.  The Court finds specious the claim that
Lovejoy would have sought a conference because he believed the
schedule to be unreasonable but would not have asserted his
belief as a basis for good cause for a change.  Furthermore,
Lovejoy suggests nothing that he would have presented at any
conference that would have had any reasonable possibility of
inducing the Court to extend the agreed-upon discovery
deadline.

The Court notes that after the filing of the instant
motion by Lovejoy, other Defendants have filed Answers to the
First Amended Complaint without seeking permission to do so.
The Court will confer with all counsel regarding such Answers
and any issued raised pertaining thereto.  The Court will
treat Lovejoy consistently with the other Defendants.

For the foregoing reasons:

1.    Defendant Lovejoy's Motion to File Answer to First

3

Amended Complaint is DENIED without prejudice.

    a.    The Court shall confer with all counsel regarding Answers to the First Amended Complaint.

    b.    Defendant Lovejoy will be treated consistently with other Defendants in this regard.

2.    Defendant Lovejoy's Motion for a Modification of Scheduling Order is DENIED.

3.    Plaintiff shall arrange a telephone conference regarding the matter of Answers to the First Amended Complaint within one week after the settlement conference being held by a Magistrate Judge unless the case is settled by that time.

SO ORDERED, on <u>Wednesday, October 8, 2003</u>.


                             <u>         / s /         </u>
                                  Marvin J. Garbis
                      United States District Judge

4