IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FIRST GUARANTY MORTGAGE CORP.** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. MJG 02-326 (consolidated with MJG-01-1430) |
| **RONALD PROCOPIO, et al.** | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY TO DEFENDANT LOVEJOY'S
RESPONSE TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff First Guaranty Mortgage Corporation, by and through its undersigned counsel, and hereby replies to Defendant Lovejoy's Response to Plaintiff's Motion for Summary Judgment ("Lovejoy's Response")[1], and as and for its cause Plaintiff states as follows:

Lovejoy's Response asserts that the Motion for Summary Judgment should be denied as to the breach of contract claim because Defendant Lovejoy did not personally enter into the contract with Plaintiff. As to the other counts for fraud and RICO violations, Lovejoy's Response adopts by reference the responses contained in Defendant Chasteen's response to Plaintiff's Motion for Summary Judgment for the proposition that there is no evidence that Defendant Lovejoy knew that any of the statements were false and that he may, at best, have unwittingly transmitted "inaccurate" documents. In reply to Defendant's incorporation by reference of the responses of Defendant Chasteen, Plaintiff hereby incorporates by reference Plaintiff's Reply to Defendant Chasteen's

---

[1] While Defendant Lovejoy has filed a response in opposition to Plaintiff's Motion for Summary Judgment, Defendant Area Mortgage of Maryland has not filed any response or opposition, nor has there been any entry of appearance on its behalf by counsel.

Response to Plaintiff's Motion for Summary Judgment.

Plaintiff submits that the contract which Defendant Lovejoy admittedly signed clearly binds Defendant Lovejoy personally on its face. Furthermore, the inference that Plaintiff has not alleged that Defendant Lovejoy was involved in the fraud is not correct. Accordingly, Plaintiff is entitled to summary judgment against Defendant Lovejoy.

## DEFENDANT IS PERSONALLY LIABLE ON THE CONTRACT

Defendant Lovejoy argues that he has no personal liability with respect to the contract claim against him. He argues that he is not personally a party to the contract with Plaintiff and thus he has no liability. On the one hand, Defendant Lovejoy argues that the contract recites that Area Mortgage of Maryland is a State of Maryland corporation, presumably suggesting to the Court that Plaintiff entered into its contract with a corporation. Yet in his Affidavit attached to Lovejoy's Response, he affirms that Area Mortgage of Maryland is a Maryland limited liability company of which Defendant Lovejoy is a founder and owner.

However, Defendant Lovejoy did not sign the contract (attached to Plaintiff's Motion for Summary Judgment as Plaintiff's Exhibit 3) as a corporate officer of Area Mortgage of Maryland. Furthermore, nowhere in the contract is there any representation that Area Mortgage of Maryland is a limited liability company. Nor did Defendant Lovejoy sign the contract as a Manager or Member of Area Mortgage of Maryland, L.L.C. Rather, Defendant signed the contract as the "owner" of Area Mortgage of Maryland.

Under Maryland law, if an agent signs a contract on behalf of a principal and the agent fully discloses the identity of his principal to the third party, then, absent an agreement to the contrary, the agent is insulated from liability. Curtis G. Testerman Co. v. Buck, 667 A.2d 649 (Md. 1995).

However, as the <u>Curtis G. Testerman Co. v. Buck</u> court noted, that principal is subject to exception when the purported principal this is disclosed is nonexistent of fictitious, or when the principal is legally incompetent.  In this case, Defendant Lovejoy did not deny the allegation in the Complaint that Area Mortgage of Maryland is a general partnership, which allegation was made on information and belief.  Furthermore, Defendant Lovejoy has admitted that in his response that Area Mortgage of Maryland is <u>not</u> a corporation as recited in the boilerplate of the contract, and further, Defendant Lovejoy now affirms in his Affidavit that Area Mortgage of Maryland is a Maryland limited liability company, a disclosure that is completely absent in the contract in question.

Thus, under the principles set forth above, since the purported principal disclosed in the contract is nonexistent or fictitious, Defendant Lovejoy, who executed the contract as the "owner" of Area Mortgage of Maryland is liable for default under the contract.

## **FRAUD HAS BEEN PROPERLY PLEAD AND PROVED**

Defendant Lovejoy argues that Plaintiff has failed to submit any evidence that Defendant Lovejoy conspired to harm Plaintiff or that Defendant Lovejoy knowingly made any false statements.

However, the Motion for Summary Judgment, which is affirmed under oath by David Neal, the President of First Guaranty Mortgage Corporation as true and correct, alleges repeatedly that Defendant Lovejoy, among others, was engaged to secure the financing for the Gleneagles Property, solicited Plaintiff for the financing, submitted the fraudulent Real Estate Sale Contract, submitted to Plaintiff the untrue Sales Contract Deposit Verification with its doctored check, submitted to Plaintiff the materially false Deposit Verification from "Green Investment", submitted to Plaintiff the materially false Rent Verification which contained Defendants Ronald and Margaret Procopio's office address, submitted to Plaintiff the materially false Handwritten Loan Application which was

also signed by Defendant Chasteen who was employed by and worked under the supervision of Defendant Lovejoy, submitted to Plaintiff the materially false Typewritten Loan Application which was also signed by Defendant Lovejoy's employee Defendant Chasteen, and submitted to Plaintiff a very questionable appraisal report.  See, Motion for Summary Judgment, pp. 10-15.  In his Affidavit, David Neal testified that based on his experience and knowledge of the residential lending business, the fraud and misrepresentations described could not have occurred without the knowledge and active participation of, among others, Defendant Lovejoy.  See, Affidavit of David Neal at ¶ 47.  Robert Peterbark and Demeta Peterbark[2] testified in their affidavits that the false and fraudulent documents containing the false statements were prepared by and presented to them by, among others, Defendant Lovejoy.  See, Affidavit of Robert Peterbark at ¶ 28; Affidavit of Demeta Peterbark at ¶ 28.

The overwhelming totality of the fraudulent acts and misrepresentations as documented by the numerous exhibits and Affidavits, and indeed even acknowledged by Defendant Chasteen, leads inescapably to the conclusion that Defendant Lovejoy made false representations to the Plaintiff, he knew that the representations were false, they were made for the purpose of inducing Plaintiff to make the ill-fated loans, plaintiff reasonably relied on those false representations and was damaged as a result.

---

[2] In Defendant Chasteen's Response, he asserts that the Peterbarks were not identified in Plaintiff's Answers to Interrogatories (attached to Defendant Chasteen's Response as "Plaintiff's Exhibit 1") as persons with personal knowledge.  That assertion is not true.  Defendant Chasteen refers to Interrogatory No. 2 which asks Plaintiff to identify all persons *not mentioned elsewhere in your answers to Interrogatories* who have personal knowledge of facts material to the case.  [emphasis added] The Peterbarks are mentioned in response to six of the twenty-eight Interrogatories (Nos. 10, 12, 15, 16, 17, and 23).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that its Motion for Summary Judgment be granted, and for such other and further relief as the cause of justice may require.

Respectfully submitted,

/s/
Gerald F. Chapman #10460
6917 Arlington Road, Suite 350
Bethesda, MD 20814
(301) 652-3900

Attorney for Plaintiff First Guaranty
Mortgage Corporation

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __9th__ day of __October__, 2003, a true and correct copy of the above and foregoing was sent by first class mail, postage pre-paid, to:

Ian A. Williams, Esq.
717 D Street, N.W., Suite 400
Washington, DC 20004

Robert H. Hillman, Esq.
416 Hungerford Drive, #435
Rockville, MD 20850

Mr. Andre Green
701 Carnoustie Lane
Fort Washington, MD 20744

Andre P. Barber, Esq.
BARBER & ASSOCIATES, P.C.
1825 I Street, NW, Suite 400
Washington, D.C. 20024

Area Mortgage of Maryland
c/o Mr. Lester H. Lovejoy
4305 29th Street
Mt. Ranier, MD 20712

Terrence C. McAndrews, Esq.
2000 Century Plaza
10632 Little Patuxent Parkway, Suite 446, Columbia, MD 21044

/s/
GERALD F. CHAPMAN