IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| FIRST GUARANTY MORTGAGE CORP. | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. MJG 02-326 |
| | | (consolidated with MJG-01-1430) |
| RONALD PROCOPIO, et al. | : | |
| | : | |
| Defendants. | | |
| | : | |

PLAINTIFF'S REPLY TO DEFENDANTS RONALD PROCOPIO
AND MARGARET PROCOPIO'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff First Guaranty Mortgage Corporation, by and through its undersigned counsel, and hereby replies to Defendants Ronald Procopio's and Margaret Procopio's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment ("Procopios' Response"), and as and for its cause Plaintiff states as follows:

Procopios' Response argues that the underlying cases are premised on a conspiracy to overvalue two properties. While there were some efforts at overvaluation, the "nub" of Plaintiff's cases is that the defendants collectively devised and carried out a scheme to defraud Plaintiff by creating a startling and brazen array of false and altered documents and records for two mortgage loans granted by Plaintiff.

Procopios' Response asserts that Plaintiff learned of these "overvaluations" when it foreclosed on the properties. That is not true, nor was that ever alleged by Plaintiff. Plaintiff uncovered the phony loan documents when both loans immediately went into default after they were made. Plaintiff never foreclosed on the loans because it had sold the loans to another party with

whom Plaintiff had to settle for substantial amounts of money because of the fraudulent loan documents and first payment defaults.

The Procopios assert that they are not liable for any breach of contract because they were not parties to the contract. The Procopios also argue that Plaintiff must first recover under its breach of contract theory with Area Mortgage of Maryland before it can seek any recovery from the Procopios.

Plaintiff is not seeking any recovery from the Procopios under its claims for breach of contract. The only parties from whom Plaintiff is seeking recovery for breach of contract are Defendants Lovejoy and Area Mortgage of Maryland.

The Procopios' argue that Plaintiff has suffered no damages because if Plaintiff recovers its damages from Defendants Lovejoy and Area Mortgage of Maryland, then Plaintiff will have suffered no losses and thus is not entitled to recover from the Procopios. There is no question that any recovery which Plaintiff may obtain against any of the defendants will reduce, or even eliminate any damages suffered by Plaintiff. However, there has been no recovery by Plaintiff to date. There is no basis in law for reduction in a damages claim because a party *might* recover some or all of its losses from someone else. While the Procopios may have a case for contribution or possible claims against other defendants or third parties, that does not preclude Plaintiff from seeking recovery for all of its damages from the Procopios for the fraud which they have perpetrated against Plaintiff.

The Procopios argue that Plaintiff has not submitted any documentation or testimonial proof conclusively demonstrating that the Procopios were actually involved in material misrepresentations. That argument completely ignores the facts and allegations contained in the Complaint, the First Amended Complaint, and the Motion for Summary Judgment and its supporting Affidavits and Exhibits. Contrary to their assertions, the Procopios' fingerprints are all over the evidence in this

2

case. Ronald Procopio is the signer of the two phony sales contracts for the properties in these cases. Margaret Procopio signed the certification as to receipt of the non-existent $75,000 down payment on the Gleneagles Transaction. Ronald Procopio signed the settlement statements for the two loans falsely certifying that those statements accurately set forth all of the transactions. The bank accounts for Ronald Procopio and Margaret Procopio, with their signatures on their checks, show the source of the "deposit" and the "down payment" from the Thomases on the Norwood Transaction and the secret payoffs and distributions of the ill-gotten gains back to the Thomases and Andre Green after the Norwood Transaction closed. The proof not only conclusively shows that the Procopios were involved, but that they were central to the frauds which took place and the primary benefactors of those frauds.[1]

The Procopios argue that it is "implausible" that the Plaintiff's reasonably relied on the false representations since the land records showed that the properties in questions had only recently been purchased by Ronald Procopio at prices substantially less than what Procopio was selling them for in connection with Plaintiff's new loans. The essence of this argument is that Plaintiff should not have been so easily fooled by Procopios' fraud and Plaintiff should have done a better job of investigating the Procopios. Clearly the Procopios thought that their fraudulent actions would be sufficient (and they were) to induce Plaintiff to make the loans; the Procopios should not now be heard to exclaim that they should have been discovered before they got away with their swindle.

---

[1]The Procopios present no affidavits or documents to contradict or deny any of the allegations contained in the Complaint, the First Amended Complaint, and the Motion for Summary Judgment and its supporting Affidavits and Exhibits. As argued in Plaintiff's Motion for Summary Judgment, when such a motion is supported by evidence and affidavits, it shifts the burden to the answering party to come forward with affidavits and evidence to refute such allegations and mere denials are inadequate and insufficient.

Finally, the Procopios argue that the frauds in this case are merely "garden variety" frauds and should not form the bases for RICO claims. They argue that these two cases do not demonstrate ongoing unlawful activities. If there was only one loan which had been obtained through the fraudulent scheme of the defendants, the Procopios' argument may have merit. In fact, that is why there is no RICO claim as to the First Procopio Case. It was only in the Second Procopio Case that RICO claims were added because by then, it was apparent that it was not one isolated case, but rather a pattern, using the same perpetrators to perform specialized functions in the fraud scheme, to repeat successful defraudings of a mortgage company. One can only wonder how many of these fraudulent loans would it take before the Procopios would agree that there is a threat of the kind of continued criminal conduct which RICO was enacted to address. While the First Procopio Case does not contain a RICO claim, that case is part of the continuing racketeering scheme which is charged in the Second Procopio Case and thus the damages which flow from the fraudulent loans in both cases form the basis for the damages claimed under the RICO counts.

**CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that its Motion for Summary Judgment be granted, and for such other and further relief as the cause of justice may require.

Respectfully submitted,


_____/s/_____
Gerald F. Chapman #10460
6917 Arlington Road, Suite 350
Bethesda, MD 20814
(301) 652-3900

Attorney for Plaintiff First Guaranty
Mortgage Corporation

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __9th__ day of __October__, 2003, a true and correct copy of the above and foregoing was sent by first class mail, postage pre-paid, to:

Ian A. Williams, Esq.
717 D Street, N.W., Suite 400
Washington, DC 20004

Andre P. Barber, Esq.
BARBER & ASSOCIATES, P.C.
1825 I Street, NW, Suite 400
Washington, D.C. 20024

Robert H. Hillman, Esq.
416 Hungerford Drive, #435
Rockville, MD 20850

Area Mortgage of Maryland
c/o Mr. Lester H. Lovejoy
4305 29th Street
Mt. Ranier, MD 20712

Mr. Andre Green
701 Carnoustie Lane
Fort Washington, MD 20744

Terrence C. McAndrews, Esq.
2000 Century Plaza
10632 Little Patuxent Parkway, Suite 446, Columbia, MD 21044

____/s/_____
GERALD F. CHAPMAN