IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FIRST GUARANTY MORTGAGE CORP.** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. MJG 02-326 (consolidated with MJG-01-1430) |
| **RONALD PROCOPIO, et al.** | : | |
| | : | |
| Defendants. | | |
| | : | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT LOVEJOY'S MOTION TO STRIKE AFFIDAVITS

COMES NOW Plaintiff First Guaranty Mortgage Corporation, by and through its undersigned counsel, and hereby opposes Defendant Lovejoy's Motion to Strike Affidavits ("Lovejoy's Motion"), and as and for its cause Plaintiff states as follows:

Lovejoy's Motion seeks to strike portions of the Affidavits of David Neal, Robert Peterbark and Demeta Peterbark (collectively, the "Affidavits") on the grounds that the offending provisions aver conclusory accusations against Defendant Lovejoy or that such allegations lack a foundation. In particular, Lovejoy's Motion objects that portions of each of the Affidavits aver that Defendant Area Mortgage of Maryland acted through Defendant Lovejoy and that Defendant Lovejoy supervised one of his employees, Defendant Chasteen.  In addition, Lovejoy's Motion argues that David Neal's averment that, based on his knowledge and experience in the residential mortgage lending business the pervasive fraud perpetrated on Plaintiff could not have occurred without the knowledge and active participation of Defendant Lovejoy, fails to set forth facts to establish that David Neal is an expert in the mortgage lending business.

Lovejoy's Motion is without merit and should be denied.

Noticeably absent from Lovejoy's Motion is an affidavit or other evidence denying or contradicting any of the averments set forth in the offending Affidavits. Rather, Lovejoy's Motion relies on an excerpt from Rule 56(e) of the Federal Rules of Civil Procedure requiring that affidavits shall be made on personal knowledge and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The offending provisions of the Affidavits are those that aver that Defendant Lovejoy supervised Defendant Chasteen or that Defendant Area Mortgage of Maryland acted through Defendant Lovejoy. But Defendant Lovejoy does not aver, in his affidavit or otherwise, that these allegations are not true, only that they should be stricken because they are conclusory or lack an adequate foundation. These unrefuted allegations are the same ones contained in the Complaint and the First Amended Complaint, and Defendant Lovejoy never denied or disputed their truth or accuracy. Without such denial, supported by affidavit or otherwise, these allegations are effectively admitted.

The Affidavits are all under oath and each Affidavit recites that it is based on personal knowledge. The conclusory objections raised by Defendant Lovejoy cannot be considered solely in the context of the particular sentence in which such allegations are contained, but rather must be considered within the context of the entire Affidavit. In the case of the Peterbarks, they aver that they retained Defendant Area Mortgage of Maryland and Robert Chasteen and that they executed several documents containing false statements which were presented to them and prepared by Defendants Andre Green and Robert Chasteen. The Peterbarks also verify in their Affidavits each of the relevant documents involved in the fraudulent scheme, and tie several of those documents to either Defendant Area Mortgage of Maryland or to one of its employees, Defendant Robert Chasteen. In that context, it is clearly not an isolated allegation that Defendant Lovejoy supervised Defendant

Chasteen and that Defendant Area Mortgage of Maryland acted through Defendant Lovejoy. Those allegations are natural, reasonable, and frankly, obvious averments which flow from the context of all of the other allegations regarding the Peterbarks' interactions with Defendant Area Mortgage of Maryland and Defendant Chasteen.

Similarly with David Neal, the president of Plaintiff, the context of his allegations clearly demonstrates that the allegations support his personal knowledge. In paragraph No. 6 of David Neal's Affidavit, which Defendant Lovejoy does not challenge either in response to the same allegations in the Complaint or in David Neal's Affidavit, Mr. Neal avers that Defendant Area Mortgage of Maryland entered into the Broker Agreement with Plaintiff, and that the Broker Agreement was signed by Defendant Lovejoy as the "Owner". Further, after default and losses incurred by Plaintiff as a result of the loan frauds, David Neal avers in paragraph No. 24 as well as in the Complaint that Plaintiff made demand on Defendant Area Mortgage to reimburse Plaintiff and make it whole and that Defendant Area Mortgage failed to do so. Clearly, David Neal has established a foundation for the basis of his allegation that Defendant Area Mortgage was acting through Defendant Lovejoy and that Defendant Robert Chasteen was acting under the supervision of Defendant Lovejoy.

In the case of both the Peterbarks and David Neal, the context of the allegations of the Affidavits taken as a whole, which incorporate and verify the documents containing signatures or involvement of Defendant Lovejoy and/or Defendant Area Mortgage, clearly establish a foundation and basis for personal knowledge to be able to testify as to the facts set forth in the Affidavits.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that Lovejoy's Motion be denied, and for such other and further relief as the cause of justice may require.

Respectfully submitted,

_____/s/_____
Gerald F. Chapman #10460
6917 Arlington Road, Suite 350
Bethesda, MD 20814
(301) 652-3900

Attorney for Plaintiff First Guaranty
Mortgage Corporation

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __17th__ day of __October__, 2003, a true and correct copy of the above and foregoing was sent by first class mail, postage pre-paid, to:

| | |
|---|---|
| Ian A. Williams, Esq.<br>717 D Street, N.W., Suite 400<br>Washington, DC 20004 | Andre P. Barber, Esq.<br>BARBER & ASSOCIATES, P.C.<br>1825 I Street, NW, Suite 400<br>Washington, D.C. 20024 |
| Robert H. Hillman, Esq.<br>416 Hungerford Drive, #435<br>Rockville, MD 20850 | Area Mortgage of Maryland<br>c/o Mr. Lester H. Lovejoy<br>4305 29th Street<br>Mt. Ranier, MD 20712 |
| Mr. Andre Green<br>701 Carnoustie Lane<br>Fort Washington, MD 20744 | Terrence C. McAndrews, Esq.<br>2000 Century Plaza<br>10632 Little Patuxent Parkway, Suite 446,<br>Columbia, MD 21044 |

/s/
_____
GERALD F. CHAPMAN