IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| First Guaranty Mortgage Corp. | ) | Case No. MJG 02-326 |
| | ) | Consolidated w/ MJG 01-1430 |
| v. | ) | |
| | ) | |
| Ronald Procopio, et. al. | ) | |

<u>REPLY OF DEFENDANTS RONALD PROCOPIO AND MARGARET PROCOPIO
TO PLAINTIFF'S OPPOSITION TO, INTER ALIA, THEIR MOTION TO FILE
FILE AN UNTIMELY ANSWER OR, ALTERNATIVELY, TO STRIKE SUCH ANSWER</u>

Defendants Ronald and Margaret Procopio have moved for leave to file an answer in the second of the two above-captioned consolidated cases. The Procopios admitted that they did not answer within the ordinary time frame due to an oversight by the undersigned, but presented evidence that plaintiff First Guaranty Mortgage Corporation will not suffer prejudice from an untimely filing of same if this Court exercises its discretion consistently with the preferred manner of adjudicating cases on their merits.

The primary evidence of lack of prejudice is that Ronald Procopio asserted the very same affirmative defenses in a timely filed answer in the earlier case (MJG 01-1430) as those the Procopios jointly propose to assert in the latter case (MJG 02-326). The nub of both claims is the allegation of a lending fraud scheme involving the Procopios. Also, the Procopios' motion to dismiss in the instant case set forth some important defenses to be presented at trial. Therefore, First Guaranty

1

cannot claim that it did not receive timely notice of the essence of the Procopios' defenses sufficient to bar an answer.

First Guaranty's opposition to the Procopios' motion rests upon 1) disingenuous assertions regarding the actions it would have taken had the Procopios, and all the other defendants, timely answered and 2) the ill-conceived hope that this Court will disregard the standard for considering motions to file untimely pleadings. Moreover, First Guaranty's opposition fails to even consider other factors that weigh overwhelmingly in favor of allowing the Procopios to answer, including lack of bad faith, dilatory motives or desire to cause undue delay. <u>Davis v. Piper Aircraft Corporation</u>, 615 F.2d 606 (4th Cir. 1980).

First Guaranty claims that the defendants' failure to answer and attendant non-identification of affirmative defenses, influenced its discovery tactics and caused it to determine who to depose, what to seek in written discovery, what to subpoena from non-parties, and what claims to dismiss. To the extent the earlier case exemplifies First Guaranty's attitude towards discovery, it proves the falsity of those assertions.

First Guaranty did not propound interrogatories or document production requests and did not request the opportunity to depose Mr. Procopio or anyone else in the earlier case prior to its consolidation with the instant/latter case. The only discovery sought by First Guaranty was Requests for Admissions

2

that encompassed both that earlier case and the instant case. The documents subpoenaed from nonparties in the earlier case pertain primarily to the instant case.[1] This lackadaisical attitude towards discovery demonstrates that First Guaranty would not have pursued discovery any more aggressively in the instant case regardless of the previous failure of the Procopios and others to answer and identify affirmative defenses.

Further evidence that First Guaranty would not have pursued a different discovery strategy is its delay until less than three weeks before the discovery deadline to note the Procopios' depositions and its outright failure to depose any other party or witness. Moreover, as demonstrated by the affidavits of Ronald and Demeta Peterbark in support of its pending motion for summary judgment, First Guaranty has obtained through investigation sufficient information to obviate the need or even the desirability of discovery, thereby further proving that the Procopios' previous failure to answer had no bearing on its discovery strategy. This is a likely explanation for First Guaranty's choice not to propound interrogatories on the Procopios and most, if not all, other defendants hereto.

Finally, First Guaranty's suggestion that it would have dismissed some of its claims based on an answer is blatantly false as all the claims stem from the same alleged facts, namely

---

[1] These documents consist of bank records attributed to the Procopios.

an allegation of fraud from which First Guaranty seeks to bootstrap a RICO claim.  Therefore, First Guaranty cannot show that it will suffer any prejudice if this Court allows the Procopios to answer the complaint at this time.

The facts also belie First Guaranty's claim that the Procopios have not explained their failure to timely answer. The undersigned acknowledged an unfortunate oversight as did other defense counsel, not deliberate dilatory tactics as claimed by First Guaranty.  There is no bad faith.  These facts, coupled with the fact that the Procopios have participated in the case vigorously weighs heavily in favor of allowing them to answer. <u>Davis</u>, <u>supra</u>.  The Procopios' participation in this case is evidenced by, <u>inter alia</u>, their 1) filing of a comprehensive, albeit unsuccessful, motion to dismiss, 2) response to document production requests, 3) appearance as deponents, 4) responses to requests for admissions and 5) participation in the deposition of First Guaranty's corporate designee.  This participation removes the case from a default judgment posture, which is the ordinary remedy where a defendant fails to answer.

Above and beyond lack of prejudice and absence of evidence that First Guaranty would have pursued a different discovery/pre-trial strategy if defendants had timely answered, there are alternative sanctions short of barring an answer. Primarily, this Court can reopen discovery for the sole purpose

4

of allowing First Guaranty to inquire about affirmative defenses and the like on an expedited basis, such as fifteen days or less for defendants to respond to written discovery from First Guaranty, followed by thirty days for First Guaranty only to conduct depositions. Such an expedited calendar will allow First Guaranty to obtain all it claims it may seek well in advance of the pretrial conference and thereby alleviate its false claim that it is the victim of a deliberate sandbagging.

First Guaranty acknowledges that lack of prejudice is the critical factor for determining the propriety of a motion to permit an amendment or late filed pleading. <u>Davis</u>, <u>supra</u>.[2] First Guaranty, however, seeks to distract this Court from the proper legal standard by attempting to fabricate such prejudice and disguising a motion for default judgment as a summary judgment motion based on the lack of an answer. A default judgment would be improper here given the Procopios' participation in discovery and the overwhelming contrary evidence of no prejudice to First Guaranty and the alternative remedies. Moreover, the lack of prejudice weighs overwhelmingly in favor of granting the Procopios' motion and thus allowing them to answer.

For all these reasons, the Procopios respectfully restate their request that this Court to grant their motion to file an answer and to deem such proposed answer as filed.

---

[2] The authority cited by First Guaranty, <u>Burlington v. Huddleston</u>, 94 F.3rd 1413 (10th Cir. 1996) is readily distinguishable because the defendant therein deliberately chose not to answer after the district court had denied her motion to dismiss, did not move to file an answer and instead agreed with the plaintiff to have the district court decide the case on the record therein, <u>Id</u>. at 1415. Moreover, <u>Burlington</u> involved the propriety of a preliminary injunction, not a summary judgment order as claimed by First Guaranty.

Respectfully Submitted,

_____/s/_____
Ian A. Williams #13631
717 D Street, N.W.
Suite 400
Washington, D.C. 20004
(202) 842-2700

(Attorney for defendants
 Ron & Margaret Procopio)

Certificate of Service

    I hereby certify that a copy of the foregoing was served via first-class mail, postage prepaid on the 17th day of October, 2003 on the following individuals:

Gerald F. Chapman, Esquire
6917 Arlington Road
Suite 350
Bethesda, MD 20814

Robert M. Hillman, Esquire
416 Hungerford Drive
Suite 435
Rockville, MD 20850

Andre Barber, Esquire
1825 Eye Street, N.W.
Suite 400
Washington, D.C. 20006

Terrence C. McAndrews, Esquire
10632 Little Patuxent Parkway
Suite 446
Columbia, MD 21044

_____
Ian A. Williams

6